IN THE UNITED STATES BANKRUPTCY COURT FOR

THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: TERI G. GALARDI | CASE NO. 22-50035 |
| Debtor | Chapter 11 |

| | |
|---|---|
| CHRISTOPHER KOSACHUK | |
| Plaintiff, | |
| Vs. | CASE NO. 24-5015 |
| MICHAEL "MUTEPE" AKEMON, | |
| ASTRID E. GABBE, and THE LAW OFFICE OF ASTRID GABBE, P.A., | |
| Et al, | |
| Defendants. | |

**ANSWER OF DEFENDANTS ASTRID E. GABBE AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., TO ADVERSARY COMPLAINT FOR MONEY JUDGMENT**

Astrid E. Gabbe ("Gabbe") and The Law Office of Astrid E. Gabbe, P.A. (collectively, Defendants")  hereby answer the Adversary Complaint for Money Judgment filed by Christopher Kosachuk ("Kosachuk") as follows:

### FIRST DEFENSE

Kosachuk does not have the requisite standing to bring his Adversary Complaint for Money Judgment ("Adversary").

### SECOND DEFENSE

Kosachuk's claims against Defendants are barred by the doctrines of res judicata, collateral estoppel and judicial estoppel.

### THIRD DEFENSE

Kosachuk's claims against Defendants are barred in whole or in part by illegality.

### FOURTH DEFENSE

Kosachuk's claims against Defendants are barred by failure of consideration in whole or in part, or accord and satisfaction, or payment.

### FIFTH DEFENSE

Kosachuk's fraud claims fail because he failed to state with particularity the circumstances constituting fraud, as required by Rule 9(b) of the Federal rules of Civil Procedure, which apply in this Court pursuant FRBP 7008.

### SIXTH DEFENSE

The Adversary Complaint does not state a claim against Defendants such that Kosachuk is entitled to relief from Defendants.

### SEVENTH DEFENSE

Kosachuk's Adversary Complaint is a Shotgun Complaint and should therefore be dismissed.

## EIGHTH DEFENSE

Kosachuk's claims are barred by Paragraph 20 of the Settlement Agreement he attacks, which precludes assertion of any claim based on facts outside the terms of the integrated Settlement Agreement, and expressly states that the Settlement Agreement shall supersede all negotiations and prior agreements respecting the matters covered by the Settlement Agreement.

## NINTH DEFENSE

Kosachuk's claims are barred by Paragraph 20 of the Settlement Agreement he attacks, which precludes assertion of any claim based on facts outside the terms of the integrated Settlement Agreement. Therefore any fraud claim based on any facts outside the Settlement are barred because the entire agreement clause blocks any claim by Kosachuk that he exercised due diligence concerning the matters he is trying to allege involved fraud.

## TENTH DEFENSE

Kosachuk's claims are barred by thee release he delivered in Paragraph 12 of the Settlement Agreement.

## ELEVENTH DEFENSE

" "

Kosachuk as an arms-length negotiator of the Settlement Agreement and a joint participant in its drafting signed the Settlement Agreement which specifically DID NOT say he was entitled to any distribution from the Liquidating Trustee. His action seeks a money judgment for distributions he should have received in compliance with the Settlement Agreement; but the Settlement Agreement does not say Kosachuk was entitled to any distribution at all, and the Adversary fails to point out where in the Settlement Agreement the Settlement Agreement says Kosachuk should be paid any amount of money.

## **TWELFTH DEFENSE**

Defendants respond to the allegations of the Adversary as follows:

1.

The statements in paragraph 1 of the Adversary are not allegations of fact, but instead are a broadside nonfactual attack on the Liquidating Trustee and Defendants deny paragraph 1 of the Adversary.

2.

Defendants admit that Kosachuk signed the Settlement Agreement including very broad releases by him of the Thomas T. McLendon, Liquidating Trustee of the Galardi Creditors Trust, the Galardi Creditor Trustee, and other parties to the Adversary including Defendants Dudley, Dudley Law, LLC, Leon S. Jones, Jones

& Walden. Further responding, the Settlement Agreement does mention that the settlement was reached in advance of the Court's scheduled hearing on various objections to claims which was scheduled to be held, and actually was held, on November 1, 2023. Kosachuk has attached the transcript of the hearing. He speaks on page 5 of the transcript, letting the Court know he is present for the hearing. The Court rebukes him on page 5 of the transcript for abusive and unruly behavior at a previous hearing, which required court officers to escort people to their cars. Kosachuk is next mentioned in the transcript on page 9, where it is stated that Kosachuk had filed a document making an assignment of a creditor claim and that the Court sustained an objection to the assignment, ruling that the confirmed Chapter 11 plan in the main bankruptcy case forbade assignment of claims after confirmation.  Then a mention of an objection to a second assignment of claim Kosachuk filed appears, with the Court stating that that objection would be heard on December 13, 2023 (T.11-12). This is the claim of Shakir Williams. The Trustee had objected to Kosachuk's purported receipt of an assignment of the Williams claim, as well as the fact that as a non-lawyer Kosachuk was forbidden to represent Ms. Willams or Claimant Johnson,and could not file briefs for the holders of claims by other individuals as their non-lawyer assignee. (Bankruptcy Dkt. 500).

On July 26, 2023, the Court ruled as to Johnson's claim that it was barred by res judicata. (Bank. Dkt.505). The Liquidating Trustee filed a Motion to

Disallow Williams' claim, Claim #98, and a hearing was set on that Motion on September 6, 2023. Kosachuk filed a motion for a continuance of this hearing (Bank Dkt. 560) and it was denied in open Court, because Kosachuk, as a non-attorney, could not represent Ms. Williams. (Bank. Dkt. 563). So, Kosachuk listened to the hearing on the phone. The Court set a new hearing on the Williams claim, however, September 27, 2023, and when that day came, entered an order giving Gabbe's then-attorney Mr. Orenstein 30 days to File a Brief on the Right to assert a claim. This matter was put over to November 1, 2023 as well. This matter was settled as a part of the Settlement Agreement, and paragraph 9 of the Settlement says exactly who would be paid on the claim, Shakir Williams and Gabbe P.A. Kosachuk was not to receive a penny under the Settlement Agreement. Defendants admit that Kosachuk had asserted interests in the Bankruptcy that were generally found to improperly asserted because he is not an attorney, and there were even questions about his possibly forging the signatures of other parties on documents he filed in the case. Defendants also admit Kosachuk's electronic signature was on the Settlement Agreement that provided absolutely no provision of payment to him. Defendants otherwise deny paragraph 2 of the Adversary.

3-5.

Denied. No one who signed the Settlement Agreement defrauded Kosachuk.

6-7.

Admitted.

8.

Defendants admit the allegations of Paragraph 8 of the Adversary except the claim that Gabbe defrauded Plaintiff. As stated above, this allegation is outrageously false, and legally deficient as well.

9-10.

Denied. No one who signed the settlement Agreement defrauded Kosachuk.

11-13.

Admitted.

14-15.

Admitted. The Chapter 11 Plan was filed September 28, 2022 Bank. Dkt. 198). The Court's February 28, 2023 order established the deadline for the voting on the Plan as March 31,2023. The Ballot Certification and Summary on the Voting On Joint Plan of Reorganization, shows that creditors representing $32,606,555.31 accepted the Plan, and only Red Shield Funding, representing a claim of $468,446.62 objected to the Plan. (Dkt.399) Wells Fargo objected initially, but Wells Fargo withdrew its objection on April 10, 2023. (Dkt. 402). Mr. Kosachuk, in

whatever role he was playing as an "interested party," did not object to the Plan. T An Amended Plan was filed as Dkt. 401. As Exhibit A to Dkt. 401, the debtor attached a plan of distribution that included a payout, a very general payout, of over $22 million dollars on FLSA claims. The reference was to the claimants, and not their lawyers, and certainly not to Kosachuk.

The Plan as Amended was Confirmed on April 14, 2023. In early May, 2023, the Liquidating Trustee filed a flurry of objections to the FLSA claims. Included on May 10, 2023 was an objection to Gabbe's claim, claim number 57, for $163,956.32. (Dkt. 430). The Settlement Agreement seemed to resolve this objection, and the issues as to Shakir Williams' claim as well.

On January 5, 2024, the Liquidating Trustee filed a 48 page plan of distribution, with Exhibit A to that document being an Agreement between Miller Legal, PC., Mutepe Akemon, and Astrid Gabbe as to the division of fees on the Shanice Bain case, under which The Estate of Harlan Stuart Miller, III would receive a portion of the contingency fee on that case. (Dkt.702). Notably, this Agreement provided that aany and all funds arising out of any settlement or award by the Court shall initially be delivered to Mutepe Akemon, and Mutepe Akemon shall be responsible for disbursing the funds. The Second Distribution clearly anticipated paying the Estate of Harlan Miller on several cases, but never once showed Kosachuk receiving a payout as a "recipient."

Next, on January 8, 2024, the Liquidating Trustee filed a Motion for Contempt (Dkt.707) against Defendants and Kosachuk for non-compliance with the Settlement Agreement, as the Settlement Agreement ordered them to withdraw claim objections and specifically Dkt. 528, Motion for Relief from Stay by Williams and Kosachuk, and Dkt. 614, Transfer of Claim 57 by Kosachuk. On January 134, 2024, the Liquidating Trustee Amended this Motion (Dkt. 716) to update the non-compliance, and amended it again (Dkt.730) on January 22, 2024. As to Kosachuk, Kosachuk and Gabbe jointly filed on January 24, 2024, Dkt. 735, a Notice to withdraw the Transfer of the Proof of Claim which was Dkt. 614, to cure their non-compliance, and the general belief in the proceeding that the claim could not be transferred. Dkt. entry between 742 and 743 notes that the withdrawl returned the claim to Gabbe, and Gabbe was recognized as owner of claim 57 on January 25, 2024. The contempt motions were denied after Gabbe and Kosachuk complied with the Settlement Agreement by orders dated February 1, 2024 (Dkts. 755, 756), and the Order Approving the Second Distribution (Dkt. 757) was entered February 2, 2024.

Kosachuk was not active in the case until March 11, 2024, when he filed a Transfer of Claim Other than for Security of the already withdrawn Claim 57, fraudulently claiming that Gabbe, whose signature did not appear on the document, had executed the "Assignment" on December 1, 2023, "effective nunc pro tunc

9 | P a g e

March 18, 2022." Of course, this designation was absurd, as nunc pro tunc refers to the action of a Court, and Kosachuk and Gabbe had already jointly withdrawn the claim.

The Court entered an Order Granting the Motion to the Transfer of Claim 57 and expressly disallowed the transfer on March 13, 2024 (Dkt.812). Again the docket notes Gabbe is the owner of Claim 57. On March 22, 2024, Kosachuk filed a Motion for Rehearing and Relief from the Order Authorizing Entry into The Settlement Agreement (Dkt. 823), and this Motion was denied on March 28, 2024 in a one-page order, (Dkt. 825).

Kosachuk then filed motions to stay the Court's Orders pending Appeal, which were denied on March 28, 2024. (Dkt. 626).  Significantly for this lawsuit, the Court noted that in the Settlement Agreement, **(Doc 661)**

> approved by this Court by Order dated December 19, 2023 (Doc 691), Kosachuk agreed "... not to take any action or make any further filings in the Bankruptcy Court... which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement ... Without limitation, the Parties shall not file or take any further assignments of claim which are not of record as of the Gabbe Claim Objection Hearing."

(Settlement Agreement, paragraph 18) The Gabbe Claim Objection Hearing was defined as November 1, 2023. (Settlement Agreement, page 2) Since the alleged assignment was not of record on November 1, 2023, Kosachuk was barred from filing the claim. In addition, the Assignment was against Joseph R. Guernsey dba Red Shield Funding, a claimant in the case and who, by consenting to this Court's December 19, 2023 Order, became a party to the Settlement Agreement. Finally, Kosachuk agreed, "The Parties to this Settlement Agreement warrant and certify to each other that they have not assigned any cause of action, claim, counterclaim, liabilities, assertions of liabilities, or demands subject to this Settlement Agreement." (Settlement Agreement, paragraph 29) Astrid Gabbe's Proof of Claim number 57 was made subject to the Settlement Agreement pursuant to this Court's Order dated December 19, 2023 (doc 691), page 3, paragraph 2. c. Accordingly, both Gabbe and Kosachuk have warranted that this claim had not been assigned and he is estopped from taking a contrary position at this time.

So, indeed, this entire lawsuit violates the same provision of the Settlement Agreement the Court enforced in that order. The Court ordered that objections to the third distribution be made, and Kosachuk filed two opposition papers, (Dkt. 860 and 861). He then filed another Motion to Vacate the Settlement (Dkt. 890)

and an Amended Similar Motion (Dkt 923) on July 8, 2024. A hearing oin Kosachuk's never ending motions is now set for October 1, 2024 (Dkt. 995).

16.

Denied, there was an agreement with the Miller Estate about how to handle its claim.

17-19.

Defendants deny the allegations of paragraphs 17-19 of the adversary.

20.

The Agreement is in the record and Defendants deny that it states an exact numerical amount Gabbe was to receive.

21.

Denied.

22.

Denied that Kosachuk is entitled to the judgment he seeks.

23.

Denied, the Court Disallowed Claim Number 57.

24.

Legal argument denied.

25.

Denied, the Court Disallowed Claim Number 57.

26-28.

Denied.

29.

Denied that Kosachuk is entitled to the judgment he seeks.

30-31.

Denied.

32.

Denied that Kosachuk is entitled to the judgment he seeks.

33-37.

Denied.

38.

Denied that Kosachuk is entitled to the judgment he seeks.

39-40.

Denied.

41.

Denied that Kosachuk is entitled to the judgment he seeks.

42-47.

Denied.

48.

Admitted.

49-54.

## RESPONSE TO COUNT ONE

55.

To the extent applicable, Defendants incorporate by reference their responses contained in this Answer to paragraphs 1 to 54.

56-58.

Denied, paragraphs seek relief contrary to the Confirmation Order.

## RESPONSE TO COUNT TWO

59.

To the extent applicable, Defendants incorporate by reference their responses contained in this Answer to paragraphs 1 to 54.

60.

Denied.

WHEREFORE, Defendants pray that all relief sought by Plaintiff against them be denied, that Plaintiff take nothing from Defendants, and that Defendants be granted such other and further relief as the Court deems proper.

## COUNTERCLAIM

As their Counterclaim against Kosachuk, Defendants state the following.

61.

The facts stated above show multiple breaches of the Settlement Agreemnent and the Agreement to Withdraw Claim Number 57 between these parties, and Kosachuk's breaches of the Settlement Agreement are the proximate cause of significant damages suffered by Defendants, in an amount to be proven at trial.

62.

Kosachuk in relation to the legal matters involved in this bankruptcy which created claims, acted as Defendants' agent in working on the claims and working the clients.

63.

As defendant's agent, Kosachuk owed Defendants a fiduciary duty of the utmost good faith which he flagrantly breached on multiple occasions, and Kosachuk's breaches of fiduciary duty are the proximate cause of significant damages suffered by Defendants, in an amount to be proven at trial, including a complete forfeiture of all compensation Defendants paid to Kosachuk while he was an unfaithful agent, under OCGA 10-6-31.

64.

Kosachuk has caused Defendants unnecessary trouble and expense, has acted in bad faith, and has been stubbornly litigious as to Defendants, making him liable for their expenses of litigation including reasonable attorneys' fees.

WHEREFORE, Defendants request that the Court enter judgment in their favor in an amount to be proven at trial on all thee claims stated above, and that Defendants be granted such other and further relief as the Court deems proper.

**DALZIEL LAW FIRM**

*/s/Charles M. Dalziel, Jr*
Charles M. Dalziel, Jr.
Georgia Bar No. 203730

680 Village Trace N.E.

Building 20E

Marietta GA 30067

Attorney for Defendants

Telephone: 404-735-0438
chuck@dalziellawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 26th day of August , 2024 served opposing counsel and other parties participating with the foregoing Entry of Appearance through the Court's CM/ECF system, and have served Christopher Kosachuk by mail. .

**DALZIEL LAW FIRM**

*/s/Charles M. Dalziel, Jr*
Charles M. Dalziel, Jr.
Georgia Bar No. 203730

680 Village Trace N.E.

Building 20E

Marietta GA 30067

Attorney for Defendants

Telephone: 404-735-0438
chuck@dalziellawfirm.com