# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA

In re:   Case No. 22-50035-AEC

Teri Galardi,   Chapter 11

  Debtor,
_____/

CHRISTOPHER KOSACHUK,   Adversary Complaint
  Adversary Case No.: 24-AP-5015-AEC

  Plaintiff,
v.

MICHAEL "MUTEPE" AKEMON, ESQ.,
THE RICHARDS LAW GROUP, LLC,
THOMAS T. MCCLENDON, ESQ.
AS LIQUIDATING TRUSTEE OF
THE GALARDI CREDITORS TRUST,
THE GALARDI CREDITORS TRUST,
LEON JONES, ESQ., JONES & WALDEN, LLC,
AINSWORTH DUDLEY, ESQ., DUDLEY LAW, LLC,
ASTRID E. GABBE, ESQ. AND THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG
AND JENISEE LONG

  Defendants.
_____/

## VERIFIED APPLICATION FOR ENTRY OF CLERK'S DEFAULT
## ON DEFENDANT JENISEE LONG

Plaintiff, Christopher Kosachuk, *pro se*, in accordance with Fed. R. Civ. Pro. 55 and 12 made applicable in this case under Fed. R. Bankruptcy Pro. 7012 and 7055, file this Verified Application for Entry of Clerk's Default with respect to Defendant Jenisee Long. In support Movant states:

### STATEMENT OF FACTS

1. That I commenced this action by filing a complaint [Doc. 1] on July 22, 2024.

2. That on July 26, 2024, the clerk issued the summonses for Jenisee Long [Doc. 8].

3. That on July 31, 2024, Defendant Long was properly served. [*See* Doc. 31].

4. That the summons instructed Defendant Long to file a motion or answer to the complaint within 30 days, to wit, on or before August 26, 2024.

5. Defendant Long has failed to file a motion or answer, failed to seek an extension of time to comply and is now in default.

6. Movant has not granted Defendant Long any extension of time to comply nor has Defendant Long requested an extension of time to comply.

7. Defendant Long is not an infant or incompetent person nor is she an active member of the military service. Attached to this affidavit is Defense Manpower Data Center Military Verification Service Response confirming same.

8. Fed. R. Civ. Pro. 55, made applicable in adversary proceedings under Rule 7012 and which reads:

> (a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

## CONCLUSION

**WHEREFORE,** Plaintiff, Christopher Kosachuk, respectfully requests that the Clerk enter Default against Defendant Jenisee Long.

Dated: August 29, 2024

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Christopher Kosachuk, who, being first duly sworn, acknowledges that he has read the foregoing and that the same is true and correct to the best of his knowledge, information and belief.

Dated: August 29, 2024

_____
CHRISTOPHER KOSACHUK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of August 2024 a true and correct copy of foregoing was mailed to the Clerk of Court who will electronically filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record and served on non-record parties by the undersigned.

Dated: August 29, 2024                                Respectfully submitted,

                                                      _____
                                                      Christopher Kosachuk
                                                      *Pro Se Plaintiff*
                                                      854 Pheasant Run Rd.
                                                      West Chester, PA 19382-8144
                                                      (305) 490-5700
                                                      chriskosachuk@gmail.com


## SERVICE LIST

### Via CM/ECF/EMAIL/FIRST-CLASS MAIL

All parties of record

Jenisee Long
2107 Center St.
Covington, KY 41014

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                                                        Case No. 22-50035-AEC

Teri Galardi,                                                                Chapter 11

      Debtor,
_____/
                                                  Adversary Complaint
CHRISTOPHER KOSACHUK,          Adversary Case No.: 24-AP-5015-AEC

      Plaintiff,
v.

MICHAEL "MUTEPE" AKEMON, ESQ.,
THE RICHARDS LAW GROUP, LLC,
THOMAS T. MCCLENDON, ESQ.
AS LIQUIDATING TRUSTEE OF
THE GALARDI CREDITORS TRUST,
THE GALARDI CREDITORS TRUST,
LEON JONES, ESQ., JONES & WALDEN, LLC,
AINSWORTH DUDLEY, ESQ., DUDLEY LAW, LLC,
ASTRID E. GABBE, ESQ. AND THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG
AND ALEXIS KING

      Defendants.
_____/

**AFFIDAVIT IN SUPPORT OF VERIFIED APPLICATION FOR CLERK'S DEFAULT
<u>ON DEFENDANT JENISEE LONG</u>**

STATE OF GEORGIA     )
COUNTY OF BIBB        )

    1.    I, Christopher Kosachuk, state that I am over the age of 18 and have personal knowledge of the facts contained in this affidavit and the Application For Clerk's Default on Defendant Jenisee Long. ("Ms. Long" or "Defendant Long").

    2.    That I have reviewed the docket for this action pending in the United States Bankruptcy Court for the Middle District of Georgia.

3. That I am the Plaintiff this action.

4. That I commenced this action by filing a complaint [Doc. 1] on July 22, 2024.

5. That on July 26, 2024, the clerk issued the summonses for Ms. Long [Doc. 8].

6. That on July 31, 2024, Defendant Long was properly served. [*See* Doc. 31].

7. That the summons instructed Defendant Long to file a motion or answer to the complaint within 30 days, to wit, on or before August 26, 2024.

8. Defendant Long has failed to file a motion or answer, has failed to seek an extension of time to comply and is now in default.

9. Movant has not granted Defendant Long any extension of time to comply nor has Defendant Long requested an extension of time to comply.

10. Defendant Long is not an infant or incompetent person nor is she an active member of the military service. Attached to this affidavit is Defense Manpower Data Center Military Verification Service Response confirming same.

11. Fed. R. Civ. Pro. 55, made applicable in adversary proceedings by Fed. R. Bankruptcy Pro. 7055, and which reads:

> (a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**WHEREFORE,** Plaintiff, Christopher Kosachuk respectfully requests that the Clerk enter Default against Defendant Jenisee Long.

**FURTHER AFFIANT SAYETH NAUGHT**

**Pursuant to 28 U.S.C. §1746 and under penalty of perjury, I declare that I have read the foregoing Affidavit and that the facts stated in it are true, correct and based on my personal knowledge.**

Dated: 8/29/24

Christopher Kosachuk

Sworn to and subscribed before me this 29th day of August, 2024.

_____
NOTARY PUBLIC, State of New York

MARIANNE BARNETT
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01BA6276845
Qualified in Suffolk County
Term expires February 25, 2025

Department of Defense Manpower Data Center

Results as of : Aug-27-2024 10:46:24 AM

SCRA 5.21



## Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-0448 |
| Birth Date: | Jan-XX-1990 |
| Last Name: | JENISSE |
| First Name: | LONG |
| Middle Name: | |
| Status As Of: | Aug-27-2024 |
| Certificate ID: | 2CP5HLFGLDLWRP1 |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, Space Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Sam Yousefzadeh*

Sam Yousefzadeh, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Alexandria, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods.  Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.



```
CHRIS KOSACHUK                          1 LBS         1 OF 1
(305) 490-5700                          SHP WT: 1 LBS
854 PHEASANT RUN RD                     DATE: 29 AUG 2024
WEST CHESTER  PA 19382


SHIP    CLERK OF COURT
TO:     UNITED STATE BANKRUPTCY COURT
        433 CHERRY ST

        MACON  GA 31201-7919
```

 GA 312 0-11

UPS GROUND
TRACKING #: 1Z 866 5X3 03 3131 2854



BILLING: P/P

REF #1: DS

 SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.