**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

In re:                                                                 Case No. 22-50035-AEC

Teri Galardi,                                                      Chapter 11

    Debtor,
_____/
                                                                                         Adversary Complaint

CHRISTOPHER KOSACHUK,                                Adversary Case No.: 24-AP-5015-AEC

    Plaintiff,
v.

MICHAEL "MUTEPE" AKEMON, ESQ.,
THE RICHARDS LAW GROUP, LLC,
THOMAS T. MCCLENDON, ESQ.
AS LIQUIDATING TRUSTEE OF
THE GALARDI CREDITORS TRUST,
THE GALARDI CREDITORS TRUST,
LEON JONES, ESQ., JONES & WALDEN, LLC,
AINSWORTH DUDLEY, ESQ., DUDLEY LAW, LLC,
ASTRID E. GABBE, ESQ. AND THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG
AND ALEXIS KING

    Defendants.
_____/

**FILED U.S. Bankruptcy Court SEP 0 9 2024 Middle District of Georgia**

**VERIFIED APPLICATION FOR ENTRY OF DEFAULT FINAL JUDGMENT**
**AGAINST DEFENDANT JENISEE LONG**

Plaintiff, Christopher Kosachuk, *pro se*, in accordance with Fed. R. Civ. Pro. 55 and 12 made applicable in this case under Fed. R. Bankruptcy Pro. 7012 and 7055, files this Verified Application for Entry of Default Final Judgment with respect to Defendant Jenisee Long. In support Movant states:

**STATEMENT OF FACTS**

1.     That I commenced this action by filing a complaint [Doc. 1] on July 22, 2024.

2. That on July 26, 2024, the clerk issued the summonses for Jenisee Long [Doc. 8].

3. That on July 31, 2024, Defendant Long was properly served. [*See* Doc. 31].

4. That the summons instructed Defendant Long to file a motion or answer to the complaint within 30 days, to wit, on or before August 26, 2024.

5. Defendant Long has failed to file a motion or answer, failed to seek an extension of time to comply and is now in default.

6. Movant has not granted Defendant Long any extension of time to comply nor has Defendant Long requested an extension of time to comply.

7. That on or about September 3, 2024 Plaintiff applied for a clerk's default as to Defendant Long. [*See* Doc. 40]

8. That on September 6, 2024, the Clerk entered the default against Defendant Long. [*See* Doc. 43].

9. To date, Defendant Long has not filed a responsive pleading or answer to the complaint, nor has Defendant Long requested an extension of time to file a responsive pleading nor has Plaintiff granted any extension of time to do so.

10. Defendant Long is not an infant or incompetent person nor is she an active member of the military service as evidenced by the Defense Manpower Data Center Military Verification Service Response filed on September 3, 2024. [*See* Doc. 40 pp. 8-9].

11. Bankruptcy Rule 7055 incorporates F.R.C.P. 55 which reads:

(a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) **Entering a Default Judgment**. By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

12. Plaintiff is entitled to judgment against Defendant Long for the amount pled in the complaint of $53,737 pursuant to Count I and paragraphs 39 to 41 of the complaint as he has shown by affidavit this amount due.

13. Plaintiff is entitled to the costs of filing this action in the amount of $350 and service of process in the amount of $28.65.

**WHEREFORE,** Plaintiff, Christopher Kosachuk respectfully requests that the Clerk of Court enter the attached Default Final Judgment against Defendant Jenisee Long for $53,737, $350 in costs and $28.65 for service of process.

Dated: September 6, 2024

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## **VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared Christopher Kosachuk, who, being first duly sworn, acknowledges that he has read the foregoing and that the same is true and correct to the best of his knowledge, information and belief.

Dated: September 6, 2024

_____
CHRISTOPHER KOSACHUK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September 2024 a true and correct copy of foregoing was mailed to the Clerk of Court who will electronically filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record and served on non-record parties by the undersigned.

Dated:  September 6, 2024                                          Respectfully submitted,

                                                                   _____
                                                                   Christopher Kosachuk
                                                                   *Pro Se Plaintiff*
                                                                   854 Pheasant Run Rd.
                                                                   West Chester, PA 19382-8144
                                                                   (305) 490-5700
                                                                   chriskosachuk@gmail.com


## SERVICE LIST

**Via CM/ECF/EMAIL/FIRST-CLASS MAIL**

All parties of record

Jenisee Long
2107 Center St.
Covington, KY 41014

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                              Case No. 22-50035-AEC

Teri Galardi,                                       Chapter 11

    Debtor,
_____/
                                                    Adversary Complaint
CHRISTOPHER KOSACHUK,                               Adversary Case No.: 24-AP-5015-AEC

    Plaintiff,
v.

MICHAEL "MUTEPE" AKEMON, ESQ.,
THE RICHARDS LAW GROUP, LLC,
THOMAS T. MCCLENDON, ESQ.
AS LIQUIDATING TRUSTEE OF
THE GALARDI CREDITORS TRUST,
THE GALARDI CREDITORS TRUST,
LEON JONES, ESQ., JONES & WALDEN, LLC,
AINSWORTH DUDLEY, ESQ., DUDLEY LAW, LLC,
ASTRID E. GABBE, ESQ. AND THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG
AND ALEXIS KING

    Defendants.
_____/

FILED
U.S. Bankruptcy Court
SEP 09 2024
Middle District of Georgia

### AFFIDAVIT IN SUPPORT OF VERIFIED APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JENISEE LONG

STATE OF GEORGIA    )
COUNTY OF BIBB      )

1. I, Christopher Kosachuk, state that I am over the age of 18 and have personal knowledge of the facts contained in this affidavit and the Application For Default Final Judgment against Defendant Jenisee Long. ("Ms. Long" or "Defendant Long").

2. That I have reviewed the docket for this action pending in the United States Bankruptcy Court for the Middle District of Georgia.

3. That I am the Plaintiff this action.

4. That I commenced this action by filing a complaint [Doc. 1] on July 22, 2024.

5. That on July 26, 2024, the clerk issued the summonses for Ms. Long [Doc. 8].

6. That on July 31, 2024, Defendant Long was properly. [*See* Doc. 31].

7. That the summons instructed Defendant Long to file a motion or answer to the complaint within 30 days, to wit, on or before August 26, 2024.

8. Defendant Long has failed to file a motion or answer, has failed to seek an extension of time to comply and is now in default.

9. That on or about September 3, 2024 Plaintiff applied for a clerk's default as to Defendant Long. [*See* Doc. 40]

10. That on September 6, 2024, the Clerk entered the default against Defendant Long. [*See* Doc. 43].

11. To date, Defendant Long has not filed a responsive pleading or answer to the complaint, nor has Defendant Long requested an extension of time to file a responsive pleading nor has plaintiff granted any extension of time to do so.

12. Defendant Long is not an infant or incompetent person nor is she an active member of the military service as evidenced by the Defense Manpower Data Center Military Verification Service Response filed on September 3, 2024. [*See* Doc. 40 pp. 8-9].

13. Bankruptcy Rule 7055 incorporates F.R.C.P. 55 which reads:

> (a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) **Entering a Default Judgment**. By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

14. Plaintiff is entitled to judgment against Defendant Long for the amount pled in the complaint of $53,757 pursuant to Count I and paragraphs 39 to 41 of the complaint.

15. Plaintiff is entitled to the costs of filing this action in the amount of $350 and $28.65 for service of process.

**WHEREFORE,** Plaintiff, Christopher Kosachuk respectfully requests that the Clerk enter the attached Default Final Judgment against Defendant Jenisee Long for $53,737, $350 in costs and $28.65 for service of process.

**FURTHER AFFIANT SAYETH NAUGHT**

**Pursuant to 28 U.S.C. §1746 and under penalty of perjury, I declare that I have read the foregoing Affidavit and that the facts stated in it are true, correct and based on my personal knowledge.**

Dated: 9/6/24

Christopher Kosachuk

Sworn to and subscribed before me this 6 day of September, 2024.

Concha Morton

NOTARY PUBLIC, Commonwealth of Pennsylvania

Commonwealth of Pennsylvania - Notary Seal
CONCHA MORTON - Notary Public
Delaware County
My Commission Expires September 20, 2025
Commission Number 1398525

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                                  Case No. 22-50035-AEC

Teri Galardi,                                           Chapter 11

    Debtor,
_____/

CHRISTOPHER KOSACHUK,                                   Adversary Complaint
                                                        Adversary Case No.: 24-AP-5015-AEC

    Plaintiff,
v.

MICHAEL "MUTEPE" AKEMON, ESQ.,
THE RICHARDS LAW GROUP, LLC,
THOMAS T. MCCLENDON, ESQ.
AS LIQUIDATING TRUSTEE OF
THE GALARDI CREDITORS TRUST,
THE GALARDI CREDITORS TRUST,
LEON JONES, ESQ., JONES & WALDEN, LLC,
AINSWORTH DUDLEY, ESQ., DUDLEY LAW, LLC,
ASTRID E. GABBE, ESQ. AND THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG
AND ALEXIS KING

    Defendants.
_____/

**FILED U.S. Bankruptcy Court SEP 0 9 2024 Middle District of Georgia**

# DEFAULT FINAL JUDGMENT
## AGAINST DEFENDANT JENISEE LONG

This matter, having come before the Court on this ___ day of September, 2024 pursuant to Plaintiff, Christopher Kosachuk's Verified Application for Entry of Default Final Judgment against Defendant Jenisee Long. The Court having reviewed the pleadings, the relief requested in the Verified Application for Entry of Default Final Judgment, and being otherwise duly advised in the premises,

**IT IS ORDERED AND ADJUDGED** as follows:

1. Default Final Judgment is entered in favor of Plaintiff Christopher Kosachuk against Defendant Jenisee Long, in the following sums:

    (a) Judgment                          $53,757.00

    (b) Costs

        Clerk of the Court Filing Fee       $350.00

        Service of Process               $28.65

    **TOTAL**                              **$54,135.65**

2. The total amount referenced in paragraph 1 shall bear interest at the rate of 4.46% per year for which let execution issue.

3. The last known address of Defendant Jenisee Long is 2107 Center Street, Covington, KY 41014.

**DONE AND ORDERED** by the Clerk of Court of the United States Bankruptcy Court for the Middle District of Georgia, in Macon, Georgia on this____ day of September 2024.

                                                                                                                                                 _____

                                                                                                                                                 Clerk of Court


