**SO ORDERED.**

**SIGNED this 19 day of September, 2024.**



_____
**Austin E. Carter
Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| Christopher Kosachuk, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-5015-AEC |
| | ) | |
| Astrid E. Gabbe, Esq., The Law Office | ) | |
| of Astrid E. Gabbe, P.A., Jenisee Long, | ) | |
| and Alexis King, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR
DEFAULT JUDGMENT AGAINST ALEXIS KING**

Plaintiff Christopher Kosachuk filed a motion for default judgment and a request for Clerk's Entry of against Defendant Alexis King. (Doc. 39, amended at Doc. 46). This proceeding, which Plaintiff filed, included twelve Defendants, eight of

which he dismissed voluntarily.[1] Defendants Astrid E. Gabbe, Esq. and The Law Office of Astrid E. Gabbe, P.A. have filed an Answer and Counterclaim. (Doc. 35). The Clerk of Court has entered default against Defendant King (Doc. 44), as well as Defendant Jenisee Long (Doc. 43).[2]

Under Civil Rule 55, applicable via Bankruptcy Rule 7055, a court may enter default judgment against a party who has failed to plead or otherwise defend in response to a complaint. Fed R. Bankr. P 7055; Fed. R. Civ. P. 55(a). However, default judgment is inappropriate in a case where there exist multiple defendants and at least one defendant has responded to the complaint. *See Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019) ("[I]n cases involving multiple defendants, some of whom are not in default, courts should 'withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.'") (citation omitted); *Miller v. CVS Pharm. Inc.*, No. 5:22-cv-410, 2023 U.S. Dist. LEXIS 139097, at *2 (M.D. Ga. Aug. 9, 2023) (Treadwell, J.) (denying motion for default judgment due to presence of other defendants not in default); *Depalma v. Kerns*, No. 5:22-cv-91, 2022 U.S. Dist. LEXIS 124179, at *1-2 (M.D. Ga. July 13, 2022) (Treadwell, J.) (same); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (stating that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause [against the other defendants], would be incongruous and illegal"). Courts often decline to enter default judgment in situations like this due to the potential for inconsistent judgments. *Otr Capital, LLC v. B&J Bros. Corp.*, No. 1:22-CV-5047-SEG, 2024 U.S. Dist. LEXIS 23661, at *4 (N.D. Ga. Jan. 22, 2024) ("In the default judgment context, courts often withhold entry of partial judgment to avoid the risk of inconsistent

---

[1] Plaintiff, on September 16, filed an amended Complaint, in which he dismissed without prejudice eight Defendants and Count II of his Complaint. (Doc. 48).

[2] Although in his initial motion, Plaintiff sought only entry of default by the Clerk of Court, on September 9, he amended his motion to request default judgment. (Doc. 45).

judgments between defaulting and non-defaulting defendants."); *see also* Fed. R. Bankr. P. 7054(a); Fed. R. Civ. P. 54(b).

Here, two Defendants have answered the Complaint. Therefore, the Court declines to enter default judgment against Defendant King.

Accordingly, the Court denies Plaintiff's motion without prejudice. Plaintiff may renew his motion if and when appropriate.

[END OF DOCUMENT]