IN THE UNITED STATES BANKRUPTCY COURT FOR

THE MIDDLE DISTRICT OF GEORGIA

MACON DIVISION

| | |
|---|---|
| IN RE: TERI G. GALARDI | CASE NO. 5:22-bk-50035 |
| Debtor | Chapter 11 |

CHRISTOPHER KOSACHUK

        Plaintiff,

Vs.                                                                  CASE NO. 5:24-ap-5015

ASTRID E. GABBE, and THE LAW OFFICE OF ASTRID GABBE, P.A.,

Et al,

        Defendants.

**<u>RESPONSE OF DEFENDANTS ASTRID E. GABBE AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., TO MOTION TO DISMISS COUNTERCLAIM   (DKT. 49)</u>**

        Astrid E. Gabbe ("Gabbe") and The Law Office of Astrid E. Gabbe, P.A. (collectively, Defendants") hereby answer the Motion to Dismiss Counterclaim (Dkt. 49) filed by Christopher Kosachuk ("Kosachuk") as follows:

        In making the motion, Kosachuk does not identify what the substantive counterclaims are in the first place, so he cannot effectively argue that the the counterclaims are not plausible. To make it more clear for the Court, as presently stated the Counterclaim includes;

1. A claim for damages for breach of contract with multiple parties, including Defendants, the contract being the Settlement Agreement to which both Defendants and Kosachuk were parties, for the unique damages suffered by Defendants because of Kosachuk's breaches of the Settlement Agreement as to Defendants, including his breaches of the provisions precluding him from claiming fraud, of the releases he delivered in the Settlement Agreement which preclude his claims, and his acknowledgment that he was not among the persons who were entitled to a distribution under the Court's Order enforcing the Settlement Agreement;

2. A claim for damages for breach of contract between Kosachuk and Defendants, the contract being the Agreement by Kosachuk to Withdraw Claim Number 57 in the Bankruptcy, for the unique damages suffered by Defendants because of Kosachuk's breaches of the Settlement Agreement as to Defendants, including his breaches of the provisions precluding him from claiming fraud, of the releases he signed, and his express withdrawal of the purported transfer of Claim 98 by Kosachuck (Dkt.607) and the Transfer of Claim 57 (Dkt.614);

3. A claim for damages suffered by Defendants caused by Kosachuk's breach of fiduciary duty to Defendants, OCGA 23-2-58 expressly providing in part that:

**Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as…. principal and agent…**

It being undisputed that as to the actions he took in pursuing the claims against the debtor for which he seeks compensation, Kosachuk was acting at least at times as Defendants' agent, Defendants being the principals, and at other times acting with a controlling influence over the interest of Defendants, under OCGA 23-2-58 Kosachuk owed the Defendants a fiduciary duty and a duty of the utmost good faith. By his actions as described in the body of the Answer to Kosachuk's Complaint, by Koschuk's mere assertion of the Complaint, and by Kosachuk's efforts to renege on the releases and agreements he made to withdraw transfers

Document      Page 4 of 6

of claim in the Settlement Agreement, Kosachuk breached these duties resulting in damages to Defendants, including the special remedy for Defendant's whose agent is unfaithful, the forfeiture of all compensation paid to or due to the unfaithful agent, per OCGA 10-6-31.

4. A standard claim for state law attorneys fees' under OCGA 13-6-11, Kosachuk having caused Defendants unnecessary trouble and expenses in seeking improperly to breach the parties' contract and the releases and withdrawals he made therein, and Kosachuk having been stubbornly litigious, as is well documented by the course of the bankruptcy.

If there were any defect in the Counterclaim the proper remedy would be not a dismissal, but an order for a more definite statement. Presently, counsel has pneumonia, but in the next few days will likely file a motion for leave to amend the counterclaim to plead it more fully and clearly and definitely.

**Pursuant to Rule 7012, FRBP, for purposes of their original answer and this Answer to Amendment, Defendants state that they consent to entry of final orders or judgment by the Bankruptcy Court, this Court.**

WHEREFORE, Defendants respectfully pray that the Motion to Dismiss the Counterclaim be denied, and that Defendants be granted such other and further relief on the Counterclaim as the Court deems proper.

**DALZIEL LAW FIRM**

*/s/Charles M. Dalziel, Jr*
Charles M. Dalziel, Jr.
Georgia Bar No. 203730

680 Village Trace N.E.

Building 20E

Marietta GA 30067

Attorney for Defendants

Telephone: 404-735-0438
chuck@dalziellawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 8th day of October, 2024 served opposing counsel for the other parties participating in the referenced bankruptcy and adversary proceeding with the foregoing **RESPONSE OF DEFENDANTS ASTRID E. GABBE AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., TO MOTION TO DISMISS COUNTERCLAIM   (DKT. 49)**

through the Court's CM/ECF system, and have served Christopher Kosachuk by mail addressed to Christopher Kosachuk, 854 Pheasant Run Road, West Chester PA 19382-8144.

**DALZIEL LAW FIRM**

*/s/Charles M. Dalziel, Jr*
Charles M. Dalziel, Jr.
Georgia Bar No. 203730

680 Village Trace N.E.

Building 20E

Marietta GA 30067

Attorney for Defendants

Telephone: 404-735-0438
chuck@dalziellawfirm.com

.