**SO ORDERED.**

**SIGNED this 29 day of October, 2024.**



_____
**Austin E. Carter**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| Christopher Kosachuk, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-5015-AEC |
| | ) | |
| Astrid E. Gabbe, Esq., | ) | |
| The Law Office of Astrid | ) | |
| E. Gabbe, P.A., Jenisee Long, and | ) | |
| Alexis King, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER TO SHOW CAUSE WHETHER THE COURT
HAS SUBJECT MATTER JURISDICTION
TO DETERMINE THIS PROCEEDING**

This matter is before the Court sua sponte. Plaintiff Christopher Kosachuk initiated this adversary proceeding with his *Adversary Complaint for Money Judgment*, (Doc. 1), against Michael "Mutepe" Akemon, Esq., the Richards Law

Group, LLC, Thomas T. McClendon, Esq., as Liquidating Trustee of the Galardi Creditors Trust, the Galardi Creditors Trust, Leon Jones, Esq., Jones & Walden, LLC, Ainsworth Dudley, Esq., Dudley Law, LLC, Astrid E. Gabbe, Esq., the Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King.

Plaintiff filed an *Amendment to Adversary Complaint for Money Judgment*, (Doc. 48), on September 13, 2024. Through this Amendment, Plaintiff dismissed all Defendants except Astrid E. Gabbe, Esq., the Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King. Plaintiff's Amendment also dismissed Count II of the Complaint, which sought removal and replacement of Thomas McClendon as the Liquidating Trustee.

Bankruptcy courts, by referral from district courts, have subject matter jurisdiction over "three categories of civil proceedings: (1) those 'arising under title 11,' which is the portion of the U.S. code devoted to bankruptcy; (2) those 'arising in . . . cases under title 11'; and (3) those 'related to cases under title 11.'" *Kachkar v. Bank of Am. Corp. (In re Kachkar)*, 769 F. App'x 673, 679 (11th Cir. 2019) (citing 28 U.S.C. § 1334(b)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("[B]ankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."). In addition, a court retains the authority and jurisdiction to enforce and interpret its own orders. *Bombart v. Family Center at Sunrise, LLC*, 520 B.R. 300, 303 (S.D. Fla. 2014) (citing *Alderwoods Group Inc. v. Garcia*, 682 F.3d 958, 969–70 (11th Cir. 2012)).

Although Plaintiff alleges in the Complaint as amended (the "Amended Complaint") that he seeks to enforce orders of this Court, the Court is not certain that the Amended Complaint includes the assertion of such relief against the remaining Defendants. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (applicable via Fed. R. Bankr. P. 7012). Thus, the Court questions whether it has

subject matter jurisdiction to determine the relief Plaintiff seeks against the remaining Defendants in the Amended Complaint.

For these reasons, it is ORDERED that the remaining parties appear at a hearing at **1:30 p.m.** on **December 5, 2024,** by video conference using the services of Webex by CISCO. The Court will provide a link for the video conference to the parties that have appeared or their counsel.[1] At the hearing, the parties will be heard on whether the Court has subject matter jurisdiction to determine this proceeding. Parties may file briefs addressing these issues not later than three (3) business days in advance of the hearing.

[END OF DOCUMENT]

---

[1] Any party that has not yet appeared may also request the link from the courtroom deputy of the above-signed judge.