# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>　　　Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |
| CHRISTOPHER KOSACHUK,<br><br>　　　Plaintiff,<br><br>v.<br><br>ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,<br><br>　　　Defendants. | Adv. Proc. No. 24-5015-AEC |

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

Non-Party Defendants Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust, and the Galardi Creditors Trust, each by special appearance only[1] (the "**Defendants**") files this *Response in Opposition to Motion for Leave to Amend Adversary Company* ("**Response**") and requests that the Court deny the Motion for Leave to Amend Adversary Complaint (Dkt. 67) ("**Motion**") filed by Christopher Kosachuk ("**Kosachuk**").

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 15, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7015, provides that a responsive pleading has been filed, a party may amend its pleadings only with the opposing party's written consent or the court's leave.

---

[1] By the filing of this motion, Defendants made a special appearance only, as Defendants were previously dismissed from this adversary proceeding and are not currently parties to it.

1

FRCP 15(a)(2). While the court should freely give leave when justice so requires, *id.*, '[j]ust because a court should freely grant leave when justice so requires does not mean that a party is entitled to amend the complaint as a matter of course under Rule 15(a)(2)." *Walker v. Sec'y of the Army*, No. 23-14229, 2024 U.S. App. LEXIS 27607, at *8 (11th Cir. Oct. 31, 2024). "Leave to amend is futile where the amended complaint would still fail at the motion to dismiss stage of the litigation." *Langford v. Magnolia Advanced Materials, Inc.*, 861 F. App'x 383, 388 (11th Cir. 2021).

Because whether a motion for leave to amend is futile turns on whether it would be properly dismissed, the Liquidating Trustee makes a couple of observations regarding the sufficiency of a complaint. First, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Second, as a general rule, when considering a motion to dismiss, the Court should limit its consideration to the pleadings and any exhibits attached to them. *Baker v. City of Madison*, 67 F.4th 1268 (11th Cir. 2023). However, "there are two exceptions to this conversion rule: (1) the incorporation-by-reference doctrine and (2) judicial notice." *Baker*, 67 F.4th at 1276. As to the incorporation-by-reference doctrine, the court may consider a document attached to a motion to dismiss or referenced in the complaint if the document is central to the claim and undisputed. *Johnson v. City of Atlanta*, 2024 U.S. App. LEXIS 17161 at *16 (11th Cir. July 12, 2024). As to judicial notice, the Court can take judicial notice of its own records. *U.S. v. Rey*, 811 F.2d 1454, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). The Court can also take judicial notice of other court's records. *See Progressive Mt. Ins. Co. v. Middlebrooks*, 805 Fed. Appx. 731, 733 (11th Cir. 2020).

The Motion for Leave to Amend must be denied as futile for at least four, independent reasons. First, the attempt to amend the Complaint to add back in the Liquidating Trustee and the Galardi Creditors Trust is a knowing breach of the Settlement Agreement and Consent Order (Dkt. 683), which Kosachuk personally signed. Second, the filing of the Complaint is a knowing violation of the injunction in the Third Distribution Order (Dkt. 921). Third, Kosachuk has no standing to bring such a claim against the Liquidating Trustee and the Galardi Creditors Trust. Fourth, the Complaint is barred by res judicata, as each of the distributions on which Kosachuk seeks a judgment was the subject of a prior order of this Court (and often multiple orders of this Court).

  *(i)*  *The Motion to Amend Is a Knowing Breach of the Settlement Agreement*

The Motion must be denied because it is a knowing violation of Kosachuk's agreement contained in the Settlement Agreement and the Court's order (Main Dkt 683)[2], consented to by Kosachuk, that "[e]xcept as set forth herein, the Settlement Agreement is approved and remains of full force and effect, and all parties to the Agreement and this Order shall comply with the terms thereof." Main Dkt. 683 at 4.

On November 22, 2023, the Liquidating Trustee filed a Motion to Approve Settlement Agreement between the Parties. Main Dkt. 661. A true and correct copy of the Settlement Agreement was attached to the Settlement Motion and is adopted herein by this reference. The Court held a hearing on December 18, 2023. At such hearing, Joseph R. Guernsey d/b/a Red Shield Funding ("**Guernsey**") consented to and joined the Settlement Agreement and became another Settlement Party.

---

[2] Docket citations to the main case, *In re: Teri G. Galardi,* 22-50035 (Bankr. M.D. Ga.) shall be referred by "Main Dkt.").

3

On December 19, 2023, this Court entered an *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Main Dkt. 683) (the "**Settlement Order**" or "**Consent Order**"). The Settlement Order amended the Settlement Agreement as to Paragraph 3 (regarding Rasheedah Mays) and Paragraph 7 (as to Red Shield Funding). Also, the Settlement Order made Guernsey a party to the Settlement Agreement. The Settlement Order made the Settlement Agreement effective on December 19, 2023.

Pursuant to Paragraph 18 of the Settlement Agreement, Kosachuk:

> agree[d] not to take any action or make any further filings in the Bankruptcy Court or any other court, including without limitation the U.S. District Court for the Southern District of Florida, which (a) may affect in any way the Liquidating Trustee's disbursements from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement.

Settlement Agreement at ¶ 18. It is hard to image a more blatant violation of this agreement than to seek leave to sue the Liquidating Trustee and seeking a judgment against the Liquidating Truste and the Trust for disbursements made by the Liquidating Trustee. [3]

*(ii)    With No Pecuniary Interest in the Trust, Kosachuk Lacks Standing to Sue the Liquidating Trustee or the Trust.*

Despite his claims to the contrary, Mr. Kosachuk has no pecuniary interest in the Galardi Creditor Trust to protect and therefore lacks standing to bring this Complaint.[4] *In re Morris Publ'g Group LLC*, 2010 Bankr. LEXIS 488 at *12-14 (Bankr. S.D. Ga. Feb. 10, 2010) (Dalis, J.). Mr. Kosachuk is not a Class 8 creditor; he dismissed any purported transfer of claim with prejudice.

---

[3] The Liquidating Trustee sent a notice of the violation to Kosachuk on December 13, 2024.
[4] This is different from Kosachuk's claims against Astrid Gabbe and Gabbe Law PA, against whom Kosachuk asserts a contractual claim, and which Kosachuk requested and obtained a carveout from the injunction approved by this Court in the Third Distribution Order.

4

He released any claims he might have against the Galardi Creditor Trust. (Dkt. 683 at ¶ 12). Notably, a review of the November 22, 2023 Settlement Agreement does not provide for the payment of any funds to Mr. Kosachuk. *Id.* Mr. Kosachuk is, as Judge Dalis put it in *Morris*, "a stranger to the bankruptcy case." *Id.* at *14. A review of the claims register confirms that Kosachuk did not hold a proof of claim as of the effective date of plan of reorganization, as required to become a beneficiary of the Galardi Creditor Trust. Main Dkt. 401-3 (Liquidating Trust Agreement) at 3 (Beneficiaries exchange their Allowed Class 8 Claims under the Plan for Beneficial Interest in the Trust), 5 (such Beneficial Interests are not transferrable).

This is not just an assertion by the Liquidating Trustee. Both this Court and Judge Smith before his retirement held that Kosachuk was not a creditor and thus lacks standing in the bankruptcy case and the related adversary proceedings. On March 11, 2024, Judge James P. Smith denied Mr. Kosachuk's motion to intervene in the bankruptcy case (Main Dkt. 810, denying motion at Dkt. 802). In that hearing, Judge Smith stated:

> Judge Smith: Now, Mr. Kosachuk, as I said to Mr. De Campo, you're a member of the public now, and this is an open hearing to the public, and you're welcome to sit in and listen to the rest of the hearing, but you will not be allowed to speak, understood?
>
> Mr. Kosachuk: Yes, Your Honor.

Main Dkt. 808 starting at 8:15.

Judge Carter has also repeatedly found that Mr. Kosachuk lacks standing in the bankruptcy case. "The Court has determined on multiple occasions that Kosachuk is not a creditor in this case and therefore has no standing." Main Dkt. 981 (citing Main Dkt. 810, 899, 901, and 921).

    (iii)    *Kosachuk is Bound by the Injunction in the Third Distribution Order.*

On April 25, 2024, the Liquidating Trustee filed a *Motion to (A) Approve Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorize Liquidating Trustee to*

5

*Pay Remaining Liabilities, (C) Authorize Winding Down of Liquidating Trust and (D) Release Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Third Distribution Motion**") (Main Dkt. 846). On July 3, 2024, the Court entered an Order granting the Liquidating Trustee's Distribution Motion (Main Dkt. 921) (the "**Third Distribution Order**").

Paragraph 11 of the Third Distribution Order provided as follows:

**ORDERED** that all persons who may assert claims in connection with this case, against the Galardi Creditor Trust, against the Liquidating Trustee, or against any creditor or recipient of any payment from the Galardi Creditor Trust, shall be and hereby are enjoined from:

  a. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against the Released Parties, or the respective assets or property of the Released Parties, including the assets of the Liquidating Trustee or the Galardi Creditor Trust, or regarding the validity of or asserting any interest in any payment from the Galardi Creditor Trust;
  b. enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against Released Parties, or the respective assets or property of the Released Parties, including the assets of the Galardi Creditor Trust;
  c. creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or claim against a Released Party, or the respective assets or property a Released Party, including the assets of the Galardi Creditor Trust;
  d. asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due a Released Party, or the respective assets or property of a Released Party, including the assets of the Galardi Creditor Trust (provided that this provision does not impact the Liquidating Trustee's right to assert a setoff and offset of any funds otherwise due Guernsey from the Galardi Creditor Trust, which right to setoff or offset shall be subject to the further ruling of the Court);
  e. proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan, the Confirmation Order, the Liquidating Trust Agreement, the prior orders of this Court, or the Settlement Agreement approved by this Court on December 19, 2023 (Dkt. 683).

It cannot be reasonably argued that this injunction does not bar Kosachuk from suing the Defendants. It is true that the Third Distribution Order is on appeal. But the order remains in full force and effect. *See Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) ("The established

rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal."). Kosachuk evidences his understanding that the Third Distribution Order is in effect by filing a motion to stay such order pending appeal. Main Dkt. 936. It was denied. Main Dkt. 980. In fact, Kosachuk first appealed the order, and then voluntarily dismissed his appeal. *See* 24-cv-00221-MTT (M.D. Ga. 2024).

A complaint filed in violation of an injunction is due to be dismissed with prejudice. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1388 (11th Cir. 1993) ("Dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions" [i.e., an anti-lawsuit injunction]). Thus, the proposed amended Complaint would be futile.

*(iv)     The Proposed Amended Complaint is Barred by Res Judicata.*

Kosachuk (notwithstanding his lack of standing) has repeatedly objected to motions regarding proposed disbursements and has been uniformly overruled by this Court. These orders are now final and unappealable.

"Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Prior litigation bars claims when four elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

The Eleventh Circuit holds that orders of the Bankruptcy Court serve as res judicata. "Citing the Supreme Court precedent, we have held that bankruptcy orders serve as a final

7

judgment on the merits for purposes of res judicata." *Otah v. Fannie Mae*, 2023 U.S. App. LEXIS 18341 at *5 (11th Cir. July 19, 2023).

Orders resolving contested matters are final decisions on the merits for the purposes of the application of res judicata. "[T]he Supreme Court confirmed that res judicata applied to disputes actually resolved in a contested matter." *Strong v. Cochran*, 639 B.R. 625, 633 (D. Utah 2020) (citing *Katchen v. Landy*, 382 U.S. 323, 334-35, 86 S. Ct. 467, 475-76 (1966)); *see also In re Friends of Citrus & The Nature Coast, Inc.*, 2024 Bankr. LEXIS 485, at *15-16 (Bankr. M.D. Fla. Feb. 28, 2024) ("[T]he Court finds that Final Bankruptcy Fee Order was a decision on the merits."); *In re Fundamental Long Term Care, Inc.*, 628 B.R. 344, 352 (Bankr. M.D. Fla. 2021) ("An order approving a settlement under Rule 9019 has res judicata effect as a final order.").

***Count I:***

Count I of the proposed complaint seeks "to enforce the Confirmation Order and the entry of a money judgment against Defendants for distributions from the Galardi Creditor Trust that Plaintiff should have received in compliance with the November 22, 2023 Settlement Agreement." Dkt. 67-1 at ¶ 55. Accordingly, paragraph 54 seeks entry of a money judgement of $434,557.92 against Defendants. That amount which Kosachuk seeks in the Complaint is broken out in paragraph 53 for the various grievances Kosachuk asserts.

(1) *July 7, 2021 Agreement and Proof of Claim 55*

The first amount Kosachuk seeks is "pursuant to the July 7, 2021, Agreement by and among, Mr. Akemon, Ms. Gabbe, and the Estate, 4% of the escrowed amount of $506,715 or $20,268.60."

Kosachuk acknowledges he was not a party to this agreement. *See* Dkt. 67-1 at ¶ 20 ("Pursuant to the July 7, 20221, Agreement by and among, Mr. Akemon, Ms. Gabbe and the Miller Estate"). However, Kosachuk asserts that he became a party to the agreement by assignment, but

8

gives no date as to the supposed assignment. More importantly, this assertion as to a contractual agreement between parties is irrelevant as to distributions from the Galardi Creditor Trust.

The only parties entitled to receive distribution from the trust are parties who held valid proofs of claims in this case at the time of confirmation. Main Dkt. 401-3 (Liquidating Trust Agreement) at 3 (Beneficiaries exchange their Allowed Class 8 Claims under the Plan for Beneficial Interest in the Trust), 5 (such Beneficial Interests are not transferrable). It is undisputed that Kosachuk is not one of those creditors. The Court can take judicial notice that Kosachuk did not file Proof of Claim 55, which was held by the Estate of Harlan Miller. Accordingly, Kosachuk lacks standing to bring such a claim.

Further, both the escrow on this claim and the subsequent disbursements were addressed in the Motion to Approve the Second Distribution (Main Dkt. 702) ("**Second Distribution Motion**"), included in a stipulation between Akemon and the Miller Estate (Main Dkt. 747). These actions and disbursements were approved by the Court (Main Dkt. 757) ("**Second Distribution Order**"). Kosachuk did not appeal the Second Distribution Order. Thus, all disputes over payments on Proof of Claim 55, as asserted in ¶ 16-22, are barred by res judicata by the Second Distribution Order, which is a final court order.

(2) *Claim 57*

Kosachuk seek a judgment of $163,956.32 for the Liquidating Trustee's failure to disburse to Gabbe or himself that amount. Dkt. 67-1 at ¶ 26.

Allegations regarding Claim 57 were included in the initial adversary proceeding Kosachuk brought against the Liquidating Trustee. Adv. Proc. 23-5024, Dkt. 1 at ¶¶ 36-48. That complaint was dismissed by Kosachuk with prejudice. *Id.* at Dkt. 10 (stipulation), Dkt. 11 (order approving

9

stipulation and dismissing complaint with prejudice). Thus, that dismissal order is res judicata regarding Claim 57.

Proof of Claim 57 was expressly addressed by the Second Distribution Motion, Dkt. 702 at ¶ 223-225, as approved by the Second Distribution Order. After Gabbe settled with the Liquidating Trustee regarding her remaining claims, *see* Main Dkt. 790, Exhibit A, the Liquidating Trustee moved to make certain distributions to Guernsey based on that settlement. Main Dkt. 790. Over Kosachuk's motion to intervene (Main Dkt. 802), Judge Smith granted the motion and ordered the Liquidating Trustee to make this distribution on March 13, 2024. Main Dkt. 811 ("**March Order Authorizing Disbursements**").

Kosachuk did not appeal the March Order Authorizing Distributions, and it is a final order of this Court. That order is also res judicata on these distributions. Thus, Kosachuk's complaints regarding Claim 57 is barred by res judicata.

(3) *Mays Interpleader Payments*

Kosachuk asserts that "Ms. Gabbe assigned her interest in the pending Mays Interpleader in Miami, [*see McClendon v. Mays et. al.* Case no. 23-22893-JB] and the underlying charging lien for $96,120." Complaint at ¶ 27. The District Court for the Southern District of Florida has already adjudicated the interpleader action. *McClendon v. Mays et al.*, Case No. 23-cv-22893-JB. The parties have stipulated to a dismissal (Dkt. 225)[5] and the Court has dismissed the case with prejudice (Dkt. 241) over Kosachuk's motions to strike the stipulation (Dkt. 216 and & 227) and

---

[5] That court noted Kosachuk's assertion of assignment from Gabbe, but noted "To the extent that Mr. Kosachuk believes the Gabbe Parties improperly settled or dismissed their claim, he is not left without recourse as he may proceed against them in a separate action for breach of the alleged assignment, provided of course that there is legal and factual support for such a cause of action." Mays Interpleader, Dkt. 241 at n. 1.

10

attempted charging liens (Dkt. 249; order denying Dkt. 260). The dismissal with prejudice over Kosachuk's objection is res judicata.

(4) *"Quit Claim Assignment of Mr. Dudley Quantum Meruit Fee Award from the King Judgement"*

The proposed amended complaint requests judgment "from the quit claim assignment of Mr. Dudley quantum meruit fee award from the King Judgment in the amount of $23,050." Dkt 67-1 at 53. This obligation was in Paragraph 7 of the original settlement agreement as filed. Main Dkt. 661.

However, the Consent Order, Main Dkt. 683, replaced in its entirety paragraph 7 of the Settlement Agreement. Main Dkt. 683 at ¶ 2(c). The language asserted by Kosachuk was not included in that new paragraph. Mr. Kosachuk personally consented to the Consent Order. Main Dkt. 683. When the allegation in the complaint is contradicted by the original document, the original document controls. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."). Thus, this portion of the proposed amended complaint fails to state a claim.

(5) *Ebony Mayfield (Proof of Claim 40)*

The only reference to Ebony Mayfield's proof of claim the Liquidating Trustee can locate in the Complaint is the request for a money judgment from this claim against all defendants. Complaint at ¶ 53(e). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Thus, the proposed amended complaint is futile as to this claim.

Further, distributions on the Mayfield proof of claim were addressed in the Consent Order on Gabbe's Objection to Claim No. 40 of Ebony Mayfield, Main Dkt. 694. This order was

expressly consented to by Kosachuk in the November 22, 2023 Settlement Order. *See* Main Dkt. 707, Ex. A (signed settlement agreement) at ¶ 4. This order is likewise a final order of this Court. Kosachuk's claim is barred by res judicata.

(6) *Milner (Proof of Claim 38) and Williams (Proof of Claim 39)*

Kosachuk seeks a money judgment jointly and severally against all defendants for $77,426 based on the November 22, 2023 Settlement Agreement, the March 5, 2024 Settlement Agreement between the Liquidating Trustee and Gabbe, and Angela Milner's Proof of Claim 38 and Marleka William's Proof of Claim 39. *See* Dkt 67-1 at ¶ 33-41. Distributions on these two claims were specifically addressed in the November 22, 2023 Settlement (*see* Main Dkt. 707, Ex. A) (fully-executed copy), which Kosachuk signed.

Further, these distributions were specifically addressed in the March Order Authorizing Distributions, which, again, was approved by Judge Smith over Kosachuk's motion to intervene on March 13, 2024. *See* Main Dkt. 790 (motion at ¶¶ 18 – 24); Main Dkt. 811 (order approving). Kosachuk did not appeal either the March Order Authorizing Disbursements or his motion to intervene (Main Dkt. 810), both of which are final orders of this Court. Thus, Kosachuk's allegations as to distributions on these claims are barred by res judicata.

(7) *Long Interpleader*

The only reference to Jenisee Long that the Liquidating Trustee can locate is ¶ 3, which is found in the paragraphs setting out who each defendant is. That paragraph reads: "Defendant Jenisee Long is a creditor of the Galardi Creditor Trust who defrauded Plaintiff." Again, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

12

Further, these distributions were specifically addressed in the March Order Authorizing Distributions, which, again, was approved by Judge Smith over Kosachuk's motion to intervene on March 13, 2024. *See* Main Dkt. 790 (motion at ¶¶ 12 – 17, 25 - 26); Main Dkt. 811 (order approving). Judge Smith also entered orders in *McClendon v. Long, Dudley Law, LLC, and The Law Office of Astrid E. Gabbe, P.C.,* Adv. Proc. 23-5017, Dkt. 34, again over Kosachuk's motion to intervene (Dkt. 32), which Judge Smith denied (Dkt. 35). Kosachuk did not appeal the order denying his motion to intervene, which is final. Thus, Kosachuk's continued claims that these distributions were in some way fraudulent is barred by res judicata.

WHEREFORE, the Liquidating Trustee respectfully requests that (a) the Court deny the motion for leave to amend as futile, and (b) grant the Liquidating Trustee such other and further relief as is just and proper.

Respectfully submitted this 13th day of December, 2024.

**JONES &WALDEN LLC**

*/s/Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
*Liquidating Trustee*

13

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-AEC** |
| **CHRISTOPHER KOSACHUK,**<br><br>Plaintiff,<br><br>v.<br><br>**ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,**<br><br>Defendants. | Adv. Proc. No. 24-5015-AEC |

**CERTIFICATE OF SERVICE**

This is to certify that on the date indicated below, the foregoing *Response in Opposition to Motion for Leave to Amend Complaint* (the "**Response**") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Response to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Charles M Dalziel**    chuck@dalziellawfirm.com

I further certify that on the date indicated below, I caused a true and correct copy of the Response to be served upon the parties listed below via the method indicated:

*Via Federal Express and Email:*
Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382
chriskosachuk@gmail.com

*Via U.S. First Class Mail:*
Joseph Robert Guernsey
d/b/a Red Shield Funding
4681 Carvel Court
Myrtle Beach, SC 29588

*Via U.S. First Class Mail:*
Jenisee Long
2107 Center Street
Covington, KY 41014

*Via U.S. First Class Mail:*
Alexis King
3328 Fall Branch Lane
Buford, GA 30519

*Via U.S. First Class Mail:*
Michael James Bourff
a/k/a Michael de Campo
RedShield, LLC
1616 S. Ocean Drive #101
Vero Beach, FL 32963

*Via U.S. First Class Mail:*
Ainsworth Dudley, Esq.
Dudley Law, LLC
4200 Northside Parkway
Building 1, Suite 200
Atlanta, GA 30327

This 13th day of December, 2024.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Ave, NE
Atlanta, GA 30308
(404) 564-9300
TMcClendon@joneswalden.com
Liquidating Trustee of the
Galardi Creditors Trust