UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:  Case No. 22-50035-JPS

Teri Galardi,  Chapter 11

Debtor,
_____/

CHRISTOPHER KOSACHUK,  Adversary Complaint
Adversary Case No.: 24-ap-5015-AEC

Plaintiff
v.

ASTRID E. GABBE, ESQ., THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG,
ALEXIS KING, MICHAEL JAMES BOURFF
A/K/A MICHAEL DE CAMPO, RED SHIELD, LLC
A MONTANA LLC AND JOSEPH ROBERT GUERNSEY
D/B/A RED SHIELD FUNDING, AINSWORTH DUDLEY, ESQ
AND DUDLEY LAW, LLC

Defendants.
_____/

**PLAINTIFF AND COUNTERCLAIM DEFENDANT CHRISTOPHER KOSACHUK'S AMENDED MOTION FOR LEAVE TO AMEND ADVERSARY COMPLAINT**

Plaintiff and Counterclaim Defendant, Christopher Kosachuk ("Kosachuk"), *pro se*, pursuant Rule 7015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves by this motion (the "Motion") for leave to amend the adversary complaint to include additional defendants, and in support thereof states:

1. On July 22, 2024, plaintiff commenced this adversary proceeding by filing the complaint. [*See* Doc. 1]

2. On August 26, 2024, Defendants Astrid E. Gabbe, Esq. and the Law Office of Astrid E. Gabbe, P.A. filed an answer and counterclaim. [*See* Doc. 35].

3. On September 6, 2024, the Clerk entered defaults against Defendants Jenisse Long [Doc. 43] and Alexis King [Doc. 44].

4. Plaintiff now seeks leave to amend the adversary complaint to include additional defendants Michael James Bourff a/k/a Michael de Campo, Red Shield, LLC, a Montana LLC, Joseph Robert Guernsey d/b/a Red Shield Funding, Ainsworth Dudley, Esq. and Dudley Law, LLC.

5. The first Amended Adversary Complaint is attached hereto.

**WHEREFORE**, Plaintiff Kosachuk respectfully requests that the Court grant leave to amend pursuant to Fed. Rule Bank. Pro 7105 and such other and further relief that the Court deems appropriate.

Dated: January 3, 2024

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff and Counterclaim Defendant*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January 2025 a true and correct copy of foregoing was mailed to the Clerk of Court who will electronically filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record and served on non-record parties by the undersigned.

Dated:  January 3, 2025

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL/FIRST-CLASS MAIL**

All parties of record

Jenisee Long
2107 Center St.
Covington, KY 41014

Alexis King
3328 Fall Branch Lane
Buford, GA 30519

Michael James Bourff
Michael de Campo
Red Shield, LLC
1616 S. Ocean Dr. #101
Vero Beach, FL 32963

Joseph Robert Guernsey
d/b/a Red Shield Funding
4681 Carvel Court
Myrtle Beach, SC 29588

Ainsworth Dudley, Esq. & Dudley Law, LLC
adudleylaw@gmail.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                                  Case No. 22-50035-AEC

Teri Galardi,                                           Chapter 11

    Debtor,
_____/
                                                                Adversary Complaint
CHRISTOPHER KOSACHUK,                                   Adversary Case No.: 24-ap-5015-AEC

**JURY TRIAL DEMANDED**

    Plaintiff,
v.

ASTRID E. GABBE, ESQ., THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG,
ALEXIS KING, MICHAEL JAMES BOURFF
A/K/A MICHAEL DE CAMPO, RED SHIELD, LLC
A MONTANA LLC AND JOSEPH ROBERT GUERNSEY
D/B/A RED SHIELD FUNDING, AINSWORTH DUDLEY, ESQ.
AND DUDLEY LAW, LLC

    Defendants.
_____/

## FIRST AMENDED ADVERSARY COMPLAINT FOR MONEY JUDGMENT

Plaintiff Christopher Kosachuk ("Mr. Kosachuk" or "Plaintiff"), hereby sues Astrid E. Gabbe, Esq., the Law Office of Astrid E. Gabbe, P.A., Jenisee Long, Alexis King, Michael James Bourff a/k/a Michael de Campo, Red Shield, LLC, a Montana LLC, Joseph Robert Guernsey d/b/a Red Shield Funding, Ainsworth Dudley, Esq. and Dudley Law, LLC for the entry of a money judgment on the distributions Plaintiff should have received in compliance with the November 22, 2023 Settlement Agreement and the Order approving same [ECF No. 683]. Plaintiff is seeking compensatory damages and alleges as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff is an interested party, present at the November 1, 2023 hearing where the settlement [1] was read into the record, such transcript attached hereto as Exhibit 1, a signatory to the November 22, 2023 Settlement Agreement, such Settlement Agreement is attached hereto as Exhibit 2 (the "November 22, 2023 Settlement Agreement") and a signatory to December 19, 2023 Consent Order [Doc. 683] (the "Consent Order"), attached hereto as Exhibit 3.

2. Defendant Astrid E. Gabbe, Esq is an attorney who defrauded Plaintiff and the Galardi Creditors Trust. Ms. Gabbe was not present at the November 1, 2023 however, she was represented by competent counsel. Ms. Gabbe was a signatory to the November 22, 2023 Settlement Agreement and a signatory to the Consent Order. The Law Office of Astrid E. Gabbe, P.A. is her law firm.

3. Defendant Jenisee Long is a creditor of the Galardi Creditors Trust who defrauded Plaintiff.

4. Defendant Alexis King is a creditor of the Galardi Creditors Trust who defrauded Plaintiff.

5. Defendant Michael James Bourff a/k/a Micheal de Campo is a derivative beneficiary of the Galardi Creditors Trust who defrauded Plaintiff.

6. Defendant Red Shield, LLC a Montana LLC is a derivative beneficiary of the Galardi Creditors Trust who defrauded Plaintiff.

7. Defendant Joseph Robert Guernsey d/b/a Red Shield Funding is a beneficiary of the Galardi Creditors Trust who defrauded Plaintiff.

---

[1] Mr. Akemon executed the Consent Order on behalf of Jenisee Long but it was later discovered that he did not actually represent Ms. Long and did not have Ms. Long's consent. Just another example of Mr. Akemon playing it fast and loose with this Court.

8. Defendant Ainsworth Dudley and his law firm Dudley Law, LLC are beneficiaries of the Galardi Creditors Trust who defrauded Plaintiff

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§§ 157(b), 1334(b) and 2201(a) because this action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). The statutory predicate for the relief requested is 11 U.S.C. § 1129, Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(3). Paragraph 21 of the November 22, 2023 Settlement Agreement calls for this Court's jurisdiction and the parties consented to it.

10. Venue is proper in this Court under 28 U.S.C. § 1409 because this action arises in or relates to the Bankruptcy Case.

11. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

## Factual Allegations

### A. The Confirmation Order

12. The Debtor filed the Bankruptcy Case on January 12, 2022.

13. In order to proceed to confirmation and obtain the Confirmation Order, the Thomas T. McClendon solicited votes for the plan including votes for the Plan from the Estate of Harlan S. Miller, Esq. (the "Miller Estate"), Ms. Gabbe, Mr. Akemon and Mr. Dudley. [*See In Re Galardi*, Case No. 22-50035-JPS Doc. 372].

14. After confirmation, Mr. McClendon refused to pay to the Miller Estate's claim [*see* Proof of Claim #55 and herein after "Claim 55"] in direct violation of the Confirmation Order, the Claims Registry and the Galardi Creditors Trust Agreement.

15. The Confirmation Order bars Mr. McClendon from refusing to pay Claim 55.

16. Mr. McClendon had $506,715 set aside in a separate account to pay claim 55. This entire amount belongs to the Estate of Harlan S. Miller however, this entire amount was never distributed to the Miller Estate.

17. Mr. McClendon, as Liquidating Trustee, was actually aiding Mr. Akemon is purloining the Miller Estate money, instead of operating as an independent trustee.

18. Pursuant to the July 7, 2021, Agreement by and among, Mr. Akemon, Ms. Gabbe and the Miller Estate, 4% of that amount was to be paid to Ms. Gabbe or $20,268.60.

19. Ms. Gabbe assigned her rights to this money to Plaintiff. However, Mr. McClendon failed to deliver $20,268 due to Plaintiff and apparently delivered this money to Mr. Akemon. As such Ms. Gabbe, Mr. Akemon and Mr. McClendon are jointly and severally liable for this amount to Plaintiff.

20. Plaintiff seeks a money judgment with joint and several liability for $20,268.60.

21. Mr. McClendon also refused to pay Ms. Gabbe's proof of claim 57. Ms. Gabbe assigned proof of claim 57 to Plaintiff in the amount of $163,956.32 and the related charging lien for the same amount from the Southern District of Florida which represented Ms. Gabbe's 35% interest in the King Judgment which was also memorialized with this Court as part of Proof of Claim 110 for $468,446.62.

22. Under binding 11th Circuit case law, the entire charging lien needed to be paid first, before any distribution may be made to the judgment creditor, Ms. King or her assignee, Joseph Robert Guernsey d/b/a Red Shield Funding.

23. Mr. McClendon failed to distribute $163,956.32 to Ms. Gabbe or Plaintiff on proof of claim 57 in accordance with 11th Circuit case law, the Confirmation Order and as such Plaintiff has been damaged by this amount.

24. Plaintiff seeks a money judgment with joint and several liability for $163,956.32.

25. Ms. Gabbe assigned her interest in the pending Mays Interpleader in Miami, [*see McClendon v. Mays et. al.* Case no. 23-22893-JB] and the underlying charging lien for $96,120.

26. Mr. Akemon, Ms. Gabbe and Mr. McClendon have caused $96,120 not to be released to Plaintiff and as such Mr. Akemon and his law firm, the Richards Legal Group, along with Ms. Gabbe and her law firm and Mr. McClendon have caused $96,120 of damage to Plaintiff.

27. Plaintiff seeks a money judgment with joint and several liability for $96,120.

28. As part of the November 22, 2023 Settlement Agreement, Mr. Dudley agreed to quit claim assign his quantum meruit fee award from the King Judgment in the amount of $23,050 to Ms. Gabbe//Plaintiff but failed to execute same.

29. As such Plaintiff has been damaged in the amount of $23,050.

30. Plaintiff seeks a money judgment with joint and several liability for $23,050.

31. On or about March 5, 2024, Mr. McClendon drafted a Settlement Agreement, attached hereto as Exhibit 4, whereby Ms. Gabbe waived rights to any future distributions even though Ms. Gabbe had previously executed assignments to Plaintiff and the Consent Order guaranteed the distribution. Even though Mr. Dudley was not a signatory he became a beneficiary because he no longer had to split the fees due on Ms. Mayfield, Ms. Milner and Ms. Williams distributions.

32. The March 5, 2024 Settlement Agreement is riddled with lies and factual misrepresentations by the signatories.

33. Those amount still due Gabbe/Plaintiff pursuant to the November 22, 2023 agreement were $29,918 from Milner's claim, and $17,116 from Marleka Williams' claim and $30,392 from Ms. Mayfield's claim.

34. Plaintiff seeks a money judgment with joint and several liability for $77,426.

35. The March 5, 2024 Settlement Agreement also disclaimed Gabbe's interest in the Long Interpleader money, $53,737, which Gabbe had previously assigned to Plaintiff.

36. As such Plaintiff has been damaged in the amount of $53.737.

37. Plaintiff seeks a money judgment with joint and several liability for $53,737.

38. Mr. McClendon previously refused to pay legitimate proofs of claims when his firm does not have a contingency fee interest in the claims. [*See* Claims 57, 95, 98 and 110]. Mr. McClendon has never operated as an independent fiduciary for the benefit of the class 8 creditors.

39. As Liquidating Trustee, Mr. McClendon has a perverse financial interest to allow certain claims to be paid without objection and not pay claims like Claim 55 and 57 because his law firm has no interest.

40. Indeed, Mr. McClendon has never objected to Claim 55 yet has not made a single distribution on Claim 55 in complete dereliction of his duties as Liquidating Trustee of the Galardi Creditors Trust.

41. Mr. Akemon appeared at the November 1, 2023 hearing representing 47 creditors but not Creditor Rasheedah Mays as she appeared at the hearing *pro se*. Mr. Akemon sat silently at this hearing as the terms of the November 1 Settlement Agreement were read into the record. But Akemon did actively participate in all of the outside settlement negotiations and had no issue with any of the terms because he was already in contact with Ms. Mays in an effort to thwart Ms. Gabbe/Mr. Kosachuk's receipt of the funds. It was not until the December 18, 2023 hearing that Mr. Akemon opposed what was read into the record on November 1, 2023 even though he had been undermining the Settlement Agreement since it was read into the record. Mr. Akemon did

this with forethought and malice specifically designed to harm Ms. Gabbe and her clients, Ms. Parker and Ms. Williams, as well as Plaintiff.

42. After the November 1, 2023 Settlement Agreement was read into the record, Mr. Akemon then coxed Rasheedah Mays (who had previously refused) into representation in the Mays Interpleader Action to thwart the Settlement Agreement. As part of the November 1, 2023 settlement, Plaintiff correctly assumed that Ms. Mays would default and that he would be awarded the $96,120 based on his assignment received from Gabbe. Indeed, a clerk's default was entered on November 7, 2023 and a motion for entry of default judgment was filed that same day.

43. Mr. Akemon then swiftly moved because he knew a default judgment was imminent and the $96,120 due to Gabbe/Plaintiff would be ordered to them by the District Court through a default judgment. On November 8, 2023, he assisted Ms. Mays to file an untimely *pro se* Motion to Dismiss which was swiftly denied by Judge Cannon. This Motion contained Lexis-Nexis research obtained on July 18, 2023 where the Lexis-Nexis User Name was redacted as well as the job number, a typical Akemon move. Upon information and belief, it was Mr. Akemon who provided this research and apparently had been communicating with Ms. Mays since at least. In a paperless order entered on November 13, 2023 at 9:17AM, "PAPERLESS ORDER, striking [65] Untimely Motion to Dismiss. Defendant Mays is in default [62] for failing to comply with Court Orders [50] [53]. Signed Judge Aileen Cannon. [*McClendon v. Mays* Case No. 23-22893-JB Doc. 66 -United States District Court for the Southern District of Florida] Later that same day, Attorney Rashad Taylor entered an appearance on behalf of Ms. Mays in the Mays interpleader action. [*McClendon v. Mays* Case No. 23-22893-JB Doc. 67 -United States District Court for the Southern District of Florida].

44. At the December 19, 2023 hearing, Mr. McClendon introduced the November 22, 2023 Settlement Agreement.

45. The resulting Consent Order approving the November 22, 2023 Settlement Agreement is where Mr. Guernsey/Red Shield Funding formally joined the settlement.

46. As a direct and proximate result of Mr. Dudley's actions, Plaintiff did not receive the benefit of the bargain from the November 1, 2023 Agreement, the November 22, 2023 Agreement or of the December 19, 2023 Consent Order. Mr. Dudley's actions to deprive Plaintiff of the funds due from the Settlement Agreement were taken with malice and forethought.

47. As a direct and proximate result of Mr. McClendon's actions, Plaintiff did not receive the benefit of the bargain from the November 1, 2023 Agreement, the November 22, 2023 Agreement or of the December 19, 2023 Consent Order. Mr. McClendon's actions to deprive Plaintiff of the funds due from the Settlement Agreement were taken with malice and forethought.

48. As a direct and proximate result of Mr. Gabbe's actions, Plaintiff did not receive the benefit of the bargain from the November 1, 2023 Agreement, the November 22, 2023 Agreement or of the December 19, 2023 Consent Order. Mr. Gabbe's actions to deprive Plaintiff of the funds due from the Settlement Agreement were taken with malice and forethought.

## COUNT I

### Enforcement of the Confirmation Order and Settlement Agreement Payments
### (11 USC §1129)

49. To the extent applicable, Plaintiff incorporates by reference paragraphs 1 to 48 as if fully rewritten herein.

50. This adversary complaint is to enforce the Confirmation Order and the entry of a money judgment against Defendants for distributions from the Galardi Creditors Trust that Plaintiff should have received in compliance with the November 22, 2023 Settlement Agreement.

51. The Court should enter a money judgment in the following amount for the following claims/distributions:

    a. Pursuant to the July 7, 2021, Agreement by and among, Mr. Akemon, Ms. Gabbe and the Estate, 4% of the escrowed amount of $506,715 or **$20,268.60** in a final judgment in favor of Plaintiff against Defendants Astrid E. Gabbe, Esq. and the Law Office of Astrid E. Gabbe, P.A.

    b. From Proof of Claim 57: **$163,956.32** in a final judgment in favor of Plaintiff against Defendants Astrid E. Gabbe, Esq., the Law Office of Astrid E. Gabbe, P.A., Alexis King, Michael James Bourff, a/k/a Michael de Campo, Red Shield, LLC, Joseph Robert Guernsey d/b/a Red Shield Funding.

    c. From the Mays Interpleader amount of **$96,120** in a final judgment in favor of Plaintiff against Defendants Astrid E. Gabbe, Esq., the Law Office of Astrid E. Gabbe, P.A., Michael James Bourff, a/k/a Michael de Campo and Red Shield, LLC.

    d. From the quit claim assignment of Mr. Dudley quantum meruit fee award from the King Judgment in the amount of **$23,050** in favor of Plaintiff against Defendants Ainsworth Dudley, Esq. and Dudley Law, LLC.

    e. From the claim of Ebony Mayfield [POC 40] the amount of **$30,392** in favor of Plaintiff against Defendants Ainsworth Dudley, Esq. and Dudley Law, LLC.

    f. From the claim of Marleka Williams [POC 39] the amount of **$17,116** in favor of Plaintiff against Defendants Ainsworth Dudley, Esq. and Dudley Law, LLC.

    g. From the claim of Angela Milner [POC 38] the amount of **$29,918.**

    h. From the Long Interpleader **$53,737** in a final judgment in favor of Plaintiff against Defendants Astrid E. Gabbe, Esq., the Law Office of Astrid E. Gabbe, P.A., Jenisse

Long, Michael James Bourff, a/k/a Michael de Campo, Red Shield, LLC, Joseph Robert Guernsey d/b/a Red Shield Funding.

52. Plaintiff prays for the entry of Final Money Judgments in favor of Plaintiff against Defendants as detailed above, for compensatory plus post judgment interest at the current federal judgment interest rate of 4.37% with joint and several liability.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment as follows:

**Count I** – Enforcing the Confirmation Order, the Galardi Creditors Trust Agreement with respect to Class 8 Unsecured Claimants pursuant to 11 U.S.C. § 1129 and the November 22, 2023 Settlement Agreement through the entry of money judgments in favor of Plaintiff against Defendants as detailed above with joint and several liability for compensatory damages.

Awarding Plaintiff his reasonable pre and post-judgment attorney's fees, if any, and costs incurred against the Defendants and their attorneys and granting such other and further relief as the Court deems appropriate.

Dated: January 3, 2024

Respectfully submitted,

_____
Christopher Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

