FILED
U.S. Bankruptcy Court
JAN 30 2025
Middle District of Georgia

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                             Case No. 22-50035-JPS

Teri Galardi,                                      Chapter 11

    Debtor,
_____/
                                                   Adversary Complaint
CHRISTOPHER KOSACHUK,                              Adversary Case No.: 24-ap-5015-AEC



    Plaintiff,
v.
ASTRID E. GABBE, ESQ., THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG,
ALEXIS KING, MICHAEL JAMES BOURFF
A/K/A MICHAEL DE CAMPO, REDSHIELD, LLC
A FLORIDA LLC AND JOSEPH ROBERT GUERNSEY
D/B/A RED SHIELD FUNDING,
AINSWORTH DUDLEY, ESQ. AND
DUDLEY LAW, LLC

    Defendants.
_____/

## PLAINTIFF AND COUNTERCLAIM DEFENDANT CHRISTOPHER KOSACHUK'S MOTION TO WITHDRAW THE REFERENCE

Plaintiff and Counterclaim Defendant, Christopher Kosachuk ("Kosachuk"), *pro se*, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves by this motion (the "Motion") to withdraw the reference, in full for this adversary proceeding and in support thereof states:

### BACKGROUND

1.    On July 22, 2024, plaintiff commenced this adversary proceeding by filing the complaint. [*See* Doc. 1]

2. On August 26, 2024, Defendants Astrid E. Gabbe, Esq. and the Law Office of Astrid E. Gabbe, P.A. filed an answer and counterclaim. [*See* Doc. 35].

3. On September 6, 2024, the Clerk entered defaults against Defendants Jenisse Long [Doc. 43] and Alexis King [Doc. 44].

4. Plaintiff filed an amended motion for leave to amend complaint [Doc. 79] to include additional defendants and a proposed amended complaint [Doc. 80]

5. Plaintiff has demanded a jury trial.

## ARGUMENT

6. In accordance with the Seventh Amendment of the United States Constitution and applicable controlling case law, Mr. Kosachuk is entitled to a jury trial on the Adversary Proceeding. Mr. Kosachuk has demanded a jury trial on the Adversary Proceeding and does not consent to the conduct of such jury trial by the Bankruptcy Court and does not consent to entry of judgment by the bankruptcy court in these non-core matters. Thus, given the nature of the claims and the relief sought, and the Bankruptcy Court's inability to conduct a jury trial, the Bankruptcy Court's inability to enter final judgment, there is due cause to withdraw the reference in its entirety pursuant to 28 U.S.C. § 157(d).

7. A party's right to a jury trial is guaranteed by the Seventh Amendment to the United States Constitution, which provides in relevant part that "[in] Suits at common law, where the value in controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved…" *U.S. Const. Amend. VII.* A defendant is entitled to a jury trial when a plaintiff's cause of action is legal, not equitable, in nature and involves adjudication of private, no public, rights. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 n.4 (1989); *Growers Packing Co. v. Cmty. Bank of Homestead,* 134 B.R. 438, 440 (S.D. Fla 1991).

8. Mr. Kosachuk is entitled to a jury trial with respect to the causes of action asserted in the Adversary Complaint. First, the Amended Adversary Complaint is indisputably legal in nature as the plaintiffs seek monetary damages against defendants. *See Feltner v. Columbia Pictures Television, Inc.* 523 U.S. 340, 352 (1998) ("We have recognized the 'general rule' that monetary relief is legal.") Second, the Amended Adversary Proceeding, does not pertain to or involve "the restructuring of debtor-creditor relations" and does not seek to adjudicate a proof of claim filed by by any party. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 56. The Complaint assert claims that are clearly private in nature. Indeed, both the United States Supreme Court and courts from this District have conclusively held that the Seventh Amendment entitles a defendant to a jury trial in a lawsuit commenced in bankruptcy. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 41-64; *Growers Packing Co.,* 134 B.R. at 440-41. Accordingly, the Plaintiff is undeniably entitled to a jury trial.

**Cause Exists to Withdraw the Reference for the Entire Adversary Proceeding Under 28 U.S.C. § 157(d) and (e).**

9. Judicial Code 28 U.S.C. § 157(e) specifies that a bankruptcy court may not conduct a jury trial without a defendant's consent:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and with the *express consent of all the parties.*

28 U.S.C. § 157(e) (emphasis added). Mr. Kosachuk does not consent to the Bankruptcy Court conducting a jury trial in this Adversary Proceeding. As a result, the Bankruptcy Court is unable to preside over a jury trial in this Adversary Proceeding.

10. A District Court may withdraw the reference for cause shown. Judicial Code 28 U.S.C. § 157(d) specifies that a District Court "may withdraw, in whole or in part, any [referenced case] on its own motion or on a timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

11. "Cause" is not defined in the statute, but the Eleventh Circuit has stated that it "is not an empty requirement" and directed that a court should consider "'such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process.'" *In re Simmons*, 200 F.3d 738 741 (11th Cir. 2000) (quoting *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 n.5 (1991)).

12. "Additional factors that may be considered include: (1) whether a claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay." *In re Tousa Inc.*, Case. No 10-60206, 2010 WL 1644456 at * 3 (S.D. Fla. Apr. 19, 2010). "One circumstance where courts have found good cause to withdraw a reference is where a party has a right to a jury trial as to a pending issue and refuses, as it may, to have the bankruptcy court conduct the jury trial." *Container Recycling Alliance v. Lassman*, 359 B.R. 358, 360 (D. Mass. 2007).

13. Where a defendant is entitled to a jury trial and does not consent to the conduct of the trial in the bankruptcy court, due cause for withdrawing the reference exists, and courts, including those in this District, have granted a defendant's motion to withdraw the reference based on a bankruptcy court's inability to preside over a jury trial. *See, e.g., Antico Vacca Techs., Inc. v. Etched Media Corp. (In re Gruppo Antico, Inc.)*, No. 02-13283 (PJW), 04-53358, Civ. A. 04-1461-KAJ, 2005 WL 3654215, at *1–2 (D. Del. July 1, 2005) (withdrawing reference of entire adversary proceeding because defendants were entitled to a jury trial); *Gumport v.Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838–45 (C.D. Cal. 1990) (same); *Fimsa, Inc. v.*

*Marina Bay Drive Corp. (In re Marina Bay Drive Corp.)*, 123 B.R. 222 (S.D. Tex. 1990) (withdrawing the reference "because bankruptcy courts may not conduct jury trials"); *Growers Packing Co.*, 134 B.R. at 441–45 (withdrawing the reference because the bankruptcy judge lacked authority to conduct a jury trial with respect to fraudulent transfer and preference claims).

14. The claims are all non-core bankruptcy matters and thereby favor having the district court adjudicate them.

15. A jury demand has been made by Mr. Kosachuk.

16. There is no delay in having the district court hear the adversary as the proceeding. Thus, all four relevant factors favor having the District Court adjudicate the adversary proceeding.

17. Accordingly, in light of the Bankruptcy Court's inability to conduct a jury trial, inability to enter final judgment and the non-core nature of the causes of action, due cause for the withdrawal of the reference has been shown and the Motion should be granted.

## CONCLUSION

18. Plaintiff and Counterclaim Defendant Kosachuk is entitled to a jury trial in this Adversary Proceeding and does not consent to the Bankruptcy Court conducting such trial in this Adversary Proceeding. As a result, cause exists under 28 U.S.C. § 157(d) to withdraw the reference. Accordingly, the motion to withdraw the reference should be granted.

**WHEREFORE**, Mr. Kosachuk respectfully requests that the Court grant the relief requested herein and such other and further relief that the Court deems appropriate.

Dated: January 15, 2025

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff and Counterclaim Defendant*

854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of January 2025 a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record and served on non-record parties by the undersigned.

Dated: January 15, 2025

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/EMAIL/FIRST-CLASS MAIL**

All parties of record

Jenisee Long
2107 Center St.
Covington, KY 41014

Alexis King
3328 Fall Branch Lane
Buford, GA 30519

Michael James Bourff
Michael de Campo
Red Shield, LLC
1616 S. Ocean Dr. #101
Vero Beach, FL 32963

Joseph Robert Guernsey
d/b/a Red Shield Funding
4681 Carvel Court
Myrtle Beach, SC 29588

Ainsworth Dudley, Esq. & Dudley Law, LLC
adudleylaw@gmail.com





RECEIVED
U.S. Bankruptcy Court
JAN 30 2025
Middle District of Georgia

TRK# 2848 5115 0237
SP MACOG
(478) 749-6187
MACON GA 31201
THU – 30 J
ATTN CLERK OF COURT
UNITED STATES BANKRUPTCY
433 CHERRY STREET
WEST CHESTER, PA 19382
UNITED STATES US