**SO ORDERED.**

**SIGNED this 20 day of February, 2025.**



_____
**Austin E. Carter
Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| Christopher Kosachuk, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 24-5015-AEC |
| | ) | |
| Astrid E. Gabbe, Esq., | ) | |
| The Law Office of Astrid | ) | |
| E. Gabbe, P.A., Jenisee Long, and | ) | |
| Alexis King, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND MOTION TO CONTINUE FEBRUARY 21, 2025 HEARING

Before the Court is Plaintiff Christopher Kosachuk's *Motion to Compel Depositions and Motion to Continue February 21, 2025 Hearing*, filed February 20, 2025 (Doc. 97).[1]

---

[1] Although Kosachuk's motion was not filed until after noon on February 20, 2025, the day before the hearing he seeks to continue, he notified the parties and the Court of his intent to file such motion on February 18, 2025.

**I.     Background.**

On February 3, 2025, the Court issued an *Order and Notice of Hearing* setting the following matters to be considered, in-person, on February 21, 2025 (Doc. 90):

(1) The pretrial conference continued from September 10, 2024; December 5, 2024; and January 21, 2025;

(2) *Plaintiff and Counterclaim Defendant Christopher Kosachuk's Motion to Dismiss Counterclaim*, (Doc. 49), and *Response of Defendants Astrid E. Gabbe and the Law Office of Astrid E. Gabbe, P.A., to Motion to Dismiss Counterclaim (Dkt. 49)*, (Doc. 58);

(3) The Court's *Order to Show Cause Whether the Court has Subject Matter Jurisdiction to Determine this Proceeding*, entered October 29, 2024 (Doc. 60);

(4) *Plaintiff and Counterclaim Defendant Christopher Kosachuk's Motion for Leave and to Amend Adversary Complaint* (Doc. 67), Thomas T. McClendon's, as Liquidating Trustee of the Galardi Creditors Trust, *Response in Opposition to Motion for Leave to Amend Complaint* (Doc. 70), and *Plaintiff and Counterclaim Defendant Christopher Kosachuk's Amended Motion for Leave to Amend Adversary Complaint* (Doc. 80);

(5) Thomas T. McClendon's, as Liquidating Trustee of the Galardi Creditors Trust, *Motion for Contempt and to Enforce Settlement Agreement Against Christopher Kosachuk* (Doc. 74); and

(6) Thomas T. McClendon's, as Liquidating Trustee of the Galardi Creditors Trust, *Motion for Sanctions* (Doc. 75) and his subsequent *Supplement to Motion for Sanctions* (Doc. 82).[2]

---

[2] These matters were previously scheduled for hearing on January 21, 2025 but were continued due to inclement weather (*See* Doc. 84).

In scheduling these matters for February 21, 2025, the above-signed judge's calendar clerk in January consulted with Kosachuk and the other parties about their availability that date. On January 23, 2025, Kosachuk confirmed his availability for the February 21 hearing.[3]

A. <u>McClendon's Motions for Contempt and for Sanctions</u>

Two of the matters set to be heard on February 21 are McClendon's *Motion for Contempt and to Enforce Settlement Agreement against Christopher Kosachuk* (Doc. 74) and *Motion for Sanctions* against Kosachuk (Doc. 75), each filed January 13, 2025. McClendon filed these documents by special appearance, noting he and

---

[3] Although Kosachuk is *pro se*, he is an experienced litigant. Kosachuk routinely appears *pro se* in federal cases and has been referred to by a district court as a "frequent filer." *Kosachuk v. Hazan*, No. 22-cv-23840-BLOOM, 2023 U.S. Dist. LEXIS 37034, at *2 (S.D. Fla. Mar. 3, 2023). In addition to this case (in which he has been a prolific filer), he has appeared in at least forty-six federal matters, seventeen of which are bankruptcy cases or related adversary proceedings. *See, e.g.*, *Kosachuk v. Selective Advisors Grp., LLC*, 2d Cir. Case No. 2019-cv-04169 (Dec. 13, 2019); *Kosachuk v. Hazan*, 11th Cir. Case No. 22-13600 (Oct. 31, 2022); *Kosachuk v. Hazan*, 11th Cir. Case No. 22-13665 (Oct. 31, 2022); *Kosachuk v. Hazan*, 11th Cir. Case No. 22-13667 (Oct. 31, 2022); *In re Alpha Latam Management, LLC*, Bankr. D. Del. Case No. 21-11109 (Aug. 1, 2021); *In re NLG, LLC*, Bankr. D. Del. Case No. 21-11269 (Sept. 24, 2021); *Kosachuk et al. v. 9197-5904 Quebec, Inc. et al.*, Bankr. D. Del. AP Case No. 22-51264 (Nov. 8, 2021); *NLG, LLC v. Selective Advisors Grp., LLC*, Bankr. D. Del. AP Case No. 22-50086 (Jan. 19, 2022); *Kosachuk v. 9197-5904 Quebec, Inc.*, Bankr. D. Del. AP Case No. 22-50421 (Sept. 26, 2022); *Kosachuk v. Guiliano et al.*, D. Del. Case No. 2023-cv-00541 (May 18, 2023); *Kosachuk v. Guiliano et al.*, D. Del. Case No. 2023-cv-00540 (May 18, 2023); *Kosachuk v. Guiliano et al.*, D. Del. Case No. 23-cv-00542 (May 18, 2023); *In re Casa Casuarina, LLC*, Bankr. S.D. Fla. Case No. 13-25645 (July 1, 2013); *In re Hazan*, Bankr. S.D. Fla. Case No. 16-10389 (Jan. 11, 2016); *Selective Advisors Grp., LLC v. Hazan et al.*, Bankr. S.D. Fla. AP Case No. 16-01439 (Aug. 21, 2016); *NLG, LLC v. Hazan et al.*¸ Bankr. S.D. Fla. AP Case No. 18-01492 (Dec. 8, 2018); *SRS Technologies Professional, LLC v. Kosachuk et al.*, S.D. Fla. Case No. 2015-cv-20601 (Feb. 13, 2015); *Kosachuk v. Hazan*, S.D. Fla. Case No. 2022-cv-22071 (July 8, 2022); *Kosachuk v. Hazan*, S.D. Fla. Case No. 2022-cv-21485 (May 13, 2022); *Kosachuk v. Hazan*, S.D. Fla. Case No. 2022-cv-22351 (July 27, 2022); *Kosachuk v. Hazan*, S.D. Fla. Case No. 2022-cv-22781 (Sept. 1, 2022); *Kosachuk v. Hazan*, S.D. Fla. Case No. 2022-cv-23840 (Nov. 22, 2022); *Kosachuk v. Hazan*, S.D. Fla. Case No. 2022-cv-24116 (Dec. 20, 2022); *NLG, LLC et al. v. Hazan*, S.D. Fla. Case No. 2023-cv-21055 (Mar. 17, 2023); *In re Selective Advisors Grp., LLC*, Bankr. E.D.N.Y. Case No. 8-15-72153 (May 18, 2015); *Kosachuk v. Hover et al.*, S.D.N.Y. Case No. 2006-cv-01319 (Feb. 21, 2006); *Kosachuk v. Selective Advisors Grp., LLC*, S.D.N.Y. Case No. 2019-cv-04844 (May 24, 2019); *McClendon v. Mays et al.*, S.D. Fla. Case No. 2023-cv-22893 (Aug. 3, 2023); *Darden et al. v. Fly Low, Inc. et al.*, S.D. Fla. Case No. 2020-cv-20592 (Feb. 10, 2020); *Agapov v. NLG, LLC et al.*, S.D. Fla. Case No. 2005-cv-22007 (July 22, 2005); *SRS Technologies Professional, LLC v. Kosachuk et al.*, S.D. Fla. Case No. 2015-cv-20885 (Mar. 4, 2015); *SRS Technologies, LLC v. Kosachuk et al.*, S.D. Fla. Case No. 2015-cv-20887 (Mar. 4, 2015).

the Galardi Creditors Trust "were previously dismissed from this adversary proceeding and are not currently parties to it." (Docs. 74, 75 at 1 n.1).[4]

In his motions, McClendon alleges that Kosachuk knowingly breached a Settlement Agreement, which Kosachuk voluntarily entered, and the Court approved. *See In re Galardi*, Bankr. M.D. Ga. Case No. 22-50035, at Docs. 661, 683 (Dec. 19, 2023). Further, McClendon alleges that Kosachuk knowingly violated the injunction in this Court's Distribution Order.[5] McClendon requests the Court sanction Kosachuk pursuant to Bankruptcy Rule 9011(b). (Doc. 75).

In the Settlement Agreement, Kosachuk "agree[d] not to take any action or make any further filings . . . . which (a) may affect in any way the Liquidating Trustee's disbursement from or management of the Galardi Creditor Trust or (b) against any claimant in this case or party to this agreement." *In re Galardi*. at Doc. 661. Thus, McClendon asserts that Kosachuk's attempt to amend his Complaint in this adversary proceeding to reinstate McClendon as a Defendant violates the Settlement Agreement. Because Kosachuk seeks to reinstate McClendon in his capacity as the Liquidating Trustee and the Galardi Creditors Trust, McClendon argues that Kosachuk is "tak[ing] action" and "mak[ing] further filings" against parties to the Settlement Agreement. (Doc. 74).

---

[4] McClendon is not a party to this adversary proceeding. When Kosachuk initiated this adversary proceeding, he named McClendon, in his capacity as Liquidating Trustee for the Galardi Creditors Trust, as a Defendant. (Doc. 1). Kosachuk then amended his Complaint, and in doing so removed McClendon and several others as Defendants. (Doc. 48) Later, Kosachuk moved to amend the complaint to add two new Defendants and reinstate McClendon, Ainsworth Dudley, and Dudley Law, LLC as Defendants. (Doc. 67). After McClendon moved for contempt and for sanctions against Kosachuk (Doc. 74, 75), Kosachuk amended his request for leave to amend his Complaint and withdrew his request as it related to McClendon. (Doc. 80).

[5] The Distribution Order, among other things, approves and authorizes the final distribution to creditors of the Galardi Creditor Trust and enjoins further litigation against the Galardi Creditors Trust, McClendon as Liquidating Trustee, and any creditor or recipient of payment from the Galardi Creditors Trust. *See In re Galardi*, Case No. 22-50035, at Doc. 921 (Bankr. M.D. Ga. July 3, 2024). That order overrules objections of, among others, Plaintiff. *Id*.

McClendon, in his *Motion for Sanctions*, argues that Kosachuk violated Bankruptcy Rule 9011(b). McClendon contends Kosachuk: (1) filed for an improper purpose his *Motion for Leave to Amend the Complaint*; (2) made frivolous and unreasonable legal and factual allegations within the *Motion for Leave to Amend the Complaint*; and (3) raises duplicative claims, complaints, and allegations which were previously settled and adjudicated. (Doc. 75).

B. <u>Kosachuk's Motion to Compel and for Continuance</u>

In the instant motion, Kosachuk requests a court order compelling the depositions of McClendon and Defendant Astrid E. Gabbe, Esq. He also requests the Court continue the hearing scheduled for February 21, 2025, so that he may conduct these depositions.

Kosachuk asserts that he needs to depose McClendon "[i]n order to defend [him]self" against McClendon's motion for contempt. He further alleges that McClendon denied Kosachuk's emailed request for a deposition. Kosachuk argues that a deposition is required due to McClendon's "ignorance of disputed facts."

As for Gabbe, Kosachuk asserts that she ignored his requests for deposition. Kosachuk offers no explanation as to why he seeks to depose her or how it relates to the matters scheduled to be heard on February 21.

Kosachuk in his motion for continuance does not address the matters scheduled to be heard on February 21, 2025, other than McClendon's motions for contempt and for sanctions against him. However, Kosachuk concludes the prayer for relief in his motion with the statement that he is "unable to travel to Macon, GA." He offers no reason for his assertion that he cannot travel, nor does he indicate what had changed since he previously confirmed his availability for the February 21 hearing. Kosachuk includes no affidavit, verification, or other supporting document with his motion.

**II. Analysis.**

    A. <u>Request for Depositions</u>.

Kosachuk complains that McClendon and Gabbe have not responded affirmatively to his requests to take their deposition. However, Kosachuk gives no indication that he has utilized applicable procedural rules to take the depositions, which steps are required before one seeks to compel discovery. (*See* Fed. R. Bankr. P. 7030, invoking Fed. R. Civ. P. 30; Fed. R. Bankr. 7037, invoking Fed. R. Civ. P. 37). Moreover, Kosachuk in his motion offers no facts or reasoning to support his assertion that he needs to take McClendon's deposition due to presence of disputed facts. He gives no indication of what such disputed facts may exist, and the Court in reviewing McClendon's motion for contempt and motion for sanctions, notes that the basis of such motions are the alleged acts of Kosachuk in relation to documents of record in the main case . McClendon's motions do not refer to any conduct of McClendon or of the Galardi Creditors Trust. The Court detects nothing in the record of this adversary proceeding that would necessitate a deposition of McClendon.

Furthermore, the Court finds the timing of Kosachuk's motions suspicious. McClendon's motion for contempt and motion for sanctions were filed January 13, 2025, yet Kosachuk waited until February 20—the day before the hearing—to move the Court to require McClendon and Gabbe to sit for deposition.

    B. <u>Request for Continuance.</u>

As noted previously, Kosachuk in his motion asserts that he is unavailable to travel to Macon for the February 21 hearing. Kosachuk includes no affidavit, verification, or other documentation to support his assertion, and he likewise offers no explanation for his assertion. Perhaps more importantly, Kosachuk does not address why, on January 23, when the Court was determining February 21 as the

6

hearing date, he informed the courtroom deputy that he was available for a hearing on that date.

The Court again finds the timing of Kosachuk's motion suspicious. Aside from the fact that it has no supporting documentation, the Court observes that Kosachuk has on previous occasions waited until the eve of a hearing to file motions seeking to continue a scheduled hearing.[6]

This adversary proceeding was commenced July 22, 2024 but, largely due to Kosachuk's procedural maneuvers, virtually no meaningful activity has occurred.

## III. Conclusion.

The Court has considered Kosachuk's motion and finds it unpersuasive. The Court DENIES the motion and declines to compel the depositions[7] or continue the

---

[6] The first hearing in this adversary proceeding, a telephonic pre-trial conference, was scheduled for September 10, 2024 (*See* Docs. 3–14). At that hearing, Kosachuk requested a continuance and informed the Court of his intention to file an amended complaint. Kosachuk filed an amendment to his Complaint on September 13, 2024, in which he dismissed McClendon, the Galardi Creditors Trust, and several other Defendants from this proceeding. (Doc. 48). The pre-trial conference was rescheduled for December 5, 2024, and was set to be heard along with several other motions and a show cause order relating to the extent to which the Court has jurisdiction to determine this proceeding (Doc. 61).

At the December 5 hearing, Kosachuk stated that he had mailed to the Court a motion for leave to again amend the Complaint to re-add several Defendants he had previously dismissed, and that he intended to file a motion to withdraw the reference. Kosachuk's announced intent to file these motions (he failed to explain why he had not already filed them) resulted in the Court's continuing the December 5, 2024 hearing. The Court requested that Kosachuk file his anticipated motion to withdraw the reference promptly. McClendon, at the hearing, expressed his frustration with the repeated practice of filing motions on the eve of a hearing.

Kosachuk's motion for leave to amend the complaint was filed with the Court on December 6, 2024 (Doc. 67). The following week, McClendon filed his motion for contempt and motion for sanctions against Kosachuk (Docs. 74, 75). These filings appear to have caused Kosachuk to, on January 24, 2025, file an amendment to his pending motion to amend the Complaint, in which he removed his request to reinstate McClendon and the Galardi Creditors Trust as Defendants. (Doc. 80). Six days later, Kosachuk's promised *Motion for Withdrawal of Reference* (Doc. 86) was filed.

These matters had been set for hearing on January 21, 2025 but the Court issued a continuance due to a winter storm. The matters were subsequently rescheduled for hearing on February 21, 2025 (Doc. 90), a date for which Kosachuk confirmed his availability in correspondence with the courtroom deputy.

Kosachuk has also filed requests for continuances in the main case (Doc. 562, 962) and in Adversary Proceeding No. 23-5024 (Doc. 24).

[7] Kosachuk may renew his request to compel depositions later in this proceeding, if he shows compliance with the relevant Federal Rules of Bankruptcy Procedure, such as Rules 7030 and 7037.

7

hearing as requested. However, Kosachuk will be allowed to attend the February 21 hearing via telephone as he requests in his motion.[8]

[END OF DOCUMENT]

---

[8] In accordance with the Court's usual procedures he (and any other parties who attend via telephone) will be allowed only to make arguments and will not be allowed to participate in any evidentiary portion of the hearing.