IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |
| CHRISTOPHER KOSACHUK,<br><br>    Plaintiff,<br><br>v.<br><br>ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,<br><br>    Defendants. | Adv. Proc. No. 24-5015-AEC |

**RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW REFERENCE**

Non-Party Defendants Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust, and the Galardi Creditors Trust, each by special appearance only[1] (the "**Defendants**") files this *Response in Opposition to Motion to Withdraw Reference* ("**Response**") and requests that the District Court for the Middle District of Georgia deny the Motion to Withdraw Reference (Dkt. 86) ("**Motion**") filed by Christopher Kosachuk ("**Kosachuk**").

**STATEMENT OF FACTS**

1. This adversary proceeding was filed by Kosachuk on July 22, 0224. The original complaint named, among many others, Thomas T. McClendon, Esq., as Liquidating Trustee of the Galardi Creditor Trust (the "**Liquidating Trustee**"), the Galardi Creditor Trust (the "**Trust**"),

---

[1] By the filing of this motion, Defendants made a special appearance only, as Defendants were previously dismissed from this adversary proceeding and are not currently parties to it.

1

Jones & Walden, LLC ("**J&W**"),[2] and Leon Jones, Esq. ("**Mr. Jones**" and collectively the "**Liquidating Trustee Parties**").[3]

2. None of the Liquidating Trustee Parties were ever served.

3. On September 13, 2024, Kosachuk filed an amended complaint (Dkt. 48), removing the Liquidating Trustee Parties as defendants.

4. On October 29, 2024, the Bankruptcy Court entered an *Order to Show Cause Whether the Court has Subject Matter Jurisdiction to Determine this Proceeding* (Dkt. 60) ("**Show Cause Order**").

5. A pre-trial conference and hearing on the Show Cause Order was held in this adversary proceeding on December 5, 2024. At this hearing, Kosachuk announced his intent to file a motion to withdraw the reference. In response, the Bankruptcy Court continued the pre-trial conference.

6. On December 6, 2024, Kosachuk filed motion for leave to amend and add parties (Dkt. 67) ("**Motion to Amend**"), seeking to add back as defendants the Liquidating Trustee and the Trust.

7. On December 13, 2024, the Liquidating Trustee filed a response in opposition to the Motion to Amend (Dkt. 70). Such response noted that: (i) Kosachuk was in breach of his obligations under a settlement agreement approved by the Bankruptcy Court on December 19, 2023 in the bankruptcy case of Teri G. Galardi, Case No. 22-50035 ("**Bankruptcy Case**"), Dkt. 683, (ii) Kosachuk was violating an injunction of the Bankruptcy Court contained in an order in the Bankruptcy Case, Dkt. 921, (iii) Kosachuk was not a creditor or party with standing to bring

---

[2] Jones & Walden, LLC is the Liquidating Trustee's law firm.
[3] Mr. Jones is the Liquidating Trustee's partner at Jones & Walden, LLC.

2

such claims, and (vi) Kosachuk was barred by res judicata based on prior orders of the Bankruptcy Court (that approved the distributions that were the subject of Kosachuk's complaint in this Adversary Proceeding.)

8. The Liquidating Trustee also served Kosachuk with a draft motion under Federal Rule of Bankruptcy Procedure 9011 (incorporating Federal Rule of Civil Procedure 11).

9. When Kosachuk failed to withdraw his Motion to Amend within the 21 day safe harbor period, the Liquidating Trustee filed the Motion for Contempt (Dkt. 74) ("**Contempt Motion**") and the Motion for Sanctions under FRBP 9011 (Dkt. 75) ("**Sanctions Motion**") on January 13, 2025.

10. Kosachuk belatedly amended his motion to amend (Dkt. 80) on January 14, 2025.

11. A hearing was set on the Liquidating Trustee's Contempt Motion, Sanctions Motion, the Show Cause Order and the pre-trial conference was set on January 21, 2025. *See* Dkts. 72, 77.

12. The Bankruptcy Court continued the hearing to February 21, 2025 due to inclement weather. *See* Dkts. 84 and 90.

13. On January 30, 2025, Kosachuk filed the Motion.

14. Kosachuk did not file his motion to withdraw the reference until: (i) he was faced with the Liquidating Trustee's Contempt Motion and Sanctions Motion and (ii) 192 days after filing the complaint initiating this adversary proceeding did.

## LEGAL ANALYSIS

Kosachuk's motion is based on 28 U.S.C. § 157(d). This statute provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

First, the motion to remove is not timely. As stated above, Kosachuk waited more than six months to file the Motion. This is not timely. *McCord v. 5615 N., LLC (In re N. Boulevard AutoMall, LLC)*, 2022 U.S. Dist. LEXIS 182733, at *6 (E.D.N.Y. Oct. 5, 2022) (finding a motion to withdraw reference eight months after the original complaint and four months after a third party complaint not timely).

Second, "cause" does not exist to withdraw the reference. As Kosachuk acknowledges, the Eleventh Circuit has identified certain factors when considering whether "cause" exists to withdraw the reference. These include: "goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' recourses, and facilitating the bankruptcy process." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000); Motion at ¶ 11 (citing the same).

"Cause" does not exist to withdraw the reference. Kosachuk is attempting to forum shop by filing this Motion. Kosachuk only filed the Motion after the Liquidating Trustee sought sanctions against him. He has been repeatedly told by Judge James P. Smith (who initially presided over the Bankruptcy Case until his retirement from the bench) and Judge Austin E. Carter (who has presided over the case since Judge Smith's retirement) that he is not a creditor in the Bankruptcy Case and has no standing. *See* Dkt. 70 at p. 5. Thus, Kosachuk seeks to withdraw the reference to transfer this litigation to the District Court in hopes of a better result.

Uniformity of bankruptcy administration and the facilitation of the bankruptcy process would also not be aided. Judge Carter and Judge Smith (before him) have spent an enormous amount of time on the Bankruptcy Case and the related adversary proceedings. Judge Carter is well-versed on the facts of this case. In contrast, the District Court would be required to understand the facts and history of a bankruptcy case that has been pending for over three years.

Kosachuk points to his jury demand as "cause" to grant the motion. At most, this is only one factor among several. Further, the Liquidating Trustee questions whether Kosachuk has a right to a jury trial at all. At bottom, the complaint seeks a determination that Kosachuk was entitled to distributions from the Trust on unsecured proofs of claims for even though he was not the holder of such claims. As a general rule, creditors who filed proofs of claims are not entitled to a jury trial. *See* Colliers on Bankruptcy ¶3.08[2][a][i] (analyzing cases). Even if Kosachuk were to prevail on his claim to be an assignee of claims (which the creditors and the Liquidating Trustee deny and which the Bankruptcy Court has repeatedly rejected), an assignee of a claim would be in the same position. The assignee of a claim in a bankruptcy should have no greater right to a jury trial than the original holder. However, even if Kosachuk were to prevail on his demand for a jury trial, any withdrawal of the reference should still be denied at this time. In the event of a jury trial, the case may be transferred to the District Court any time that a trial is scheduled or required. *See, e.g., Burtch v. Zachem (In re TZEW Holdco LLC)*, 023 U.S. Dist. LEXIS 52554, at *6 (D. Del. Mar. 28, 2023) (stating that even if a party "may be entitled to a jury trial, his potential entitlement at some future date is not sufficient grounds to withdraw the reference at this time. Rather, withdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is 'trial ready.'").

WHEREFORE, the Liquidating Trustee respectfully requests that (a) the Court deny the motion to withdraw the reference, and (b) grant the Liquidating Trustee such other and further relief as is just and proper.

[signature on following page]

Respectfully submitted this 5th day of March, 2025.

                              **JONES &WALDEN LLC**

                              */s/Thomas T. McClendon*
                              Thomas T. McClendon
                              Georgia Bar No. 431452
                              699 Piedmont Avenue, NE
                              Atlanta, Georgia 30308
                              (404) 564-9300
                              tmcclendon@joneswalden.com
                              *Liquidating Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-AEC** |
| **CHRISTOPHER KOSACHUK,**<br><br>    Plaintiff,<br><br>v.<br><br>**ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,**<br><br>    Defendants. | Adv. Proc. No. 24-5015-AEC |

**CERTIFICATE OF SERVICE**

This is to certify that on the date indicated below, the foregoing *Response in Opposition to Motion for Withdraw Reference* (the "**Response**") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Response to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Charles M Dalziel**   chuck@dalziellawfirm.com

I further certify that on the date indicated below, I caused a true and correct copy of the Response to be served upon the parties listed below via the method indicated:

| | |
|---|---|
| *Via U.S. First Class Mail:*<br>Christopher Kosachuk<br>854 Pheasant Run Rd<br>West Chester, PA 19382 | *Via U.S. First Class Mail:*<br>Joseph Robert Guernsey<br>d/b/a Red Shield Funding<br>4681 Carvel Court<br>Myrtle Beach, SC 29588 |
| *Via U.S. First Class Mail:*<br>Jenisee Long<br>2107 Center Street<br>Covington, KY 41014 | *Via U.S. First Class Mail:*<br>Alexis King<br>3328 Fall Branch Lane<br>Buford, GA 30519 |

7

*Via U.S. First Class Mail:*
Michael James Bourff
a/k/a Michael de Campo
RedShield, LLC
1616 S. Ocean Drive #101
Vero Beach, FL 32963

This 5th day of March, 2025.

                                            **JONES & WALDEN LLC**

                                            */s/ Thomas T. McClendon*
                                            Thomas T. McClendon
                                            Georgia Bar No. 431452
                                            699 Piedmont Ave, NE
                                            Atlanta, GA 30308
                                            (404) 564-9300
                                            TMcClendon@joneswalden.com
                                            Liquidating Trustee of the
                                            Galardi Creditors Trust