IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |
| CHRISTOPHER KOSACHUK,<br><br>    Plaintiff,<br><br>v.<br><br>ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,<br><br>    Defendants. | Adv. Proc. No. 24-5015-AEC |

### SUPPLEMENTAL BRIEF IN SUPPORT OF MOTIONS FOR CONTEMPT AND SANCTIONS

Non-Party Defendants Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust (the "**Liquidating Trustee**"), and the Galardi Creditors Trust (collectively, "**Movants**"), each by special appearance only[1], file this *Brief in Support of (i) Motion for Contempt and to Enforce Settlement Agreement Against Christopher Kosachuk (Dkt. 74), (ii) Motion for Sanctions (Dkt. 75), and (iii) Supplement to Motion for Sanctions (Dkt. 82)*. This Supplemental Brief is filed pursuant to the Court's *Order and Notice of Briefing Deadline* (Dkt. 104). Movants show the Court as follows:

---

[1] By the filing of this motion, Defendants make a special appearance only, as Defendants were previously dismissed from this adversary proceeding and are not currently parties to it.

1

## STATEMENT OF FACTS

1. On July 22, 2024, Christopher Kosachuk ("**Kosachuk**") filed an *Adversary Complaint for Money Judgment* (Dkt. 1) (the "**Complaint**"), thereby initiating this adversary proceeding.

2. In the Complaint, Kosachuk named both Movants as defendants.

3. On September 13, 2024, Kosachuk filed the *Amendment to Adversary Complaint for Money Judgment* (Dkt. 48) in which he dismissed Movants without prejudice.

4. Subsequently, on December 6, 2024, Kosachuk filed his *Motion for Leave to Amend Adversary Complaint* (Dkt. 67) (the "**Motion for Leave**") in which he sought leave to amend the Complaint to once again name Movants as defendants.

5. On December 13, 2024, Movants filed a *Response in Opposition to Motion for Leave to Amend Complaint* (Dkt. 70) (the "**Response**") opposing the relief sought in the Motion for Leave.

6. In their Response, Movants showed the Court that Kosachuk's attempt to amend the Complaint to add back in the Movants was a knowing breach of this Court's *Order Authorizing Liquidating Trustee's Entry into a Settlement Agreement with The Law Office of Astrid E. Gabbe, P.A., Astrid E. Gabbe, Christopher Kosachuk, Jammie Parker, Shakir Williams, Dudley Law, LLC and Ainsworth Dudley* (Main Dkt. 683) (the "**Settlement Order**") in the main bankruptcy case (*In re: Teri G. Galardi*, 22-50035 (Bankr. M.D. Ga.) (the "**Bankruptcy Case**"),[2] which Kosachuk personally signed. Such action was also a knowing violation of the injunction in the Court's *Order (I) Approving Third and Final Distributions to Beneficiaries of the Galardi Creditor Trust, (B) Authorizing Liquidating Trustee to Pay Remaining Liabilities, (C) Authorize Winding Down of*

---

[2] Docket citations to the Bankruptcy Case shall be referred by "Main Dkt.".

2

*Liquidating Trust and (D) Releasing Liquidating Trust Parties and Granting of Injunctive Relief* (the "**Third Distribution Order**") (Main Dkt. 921). Movants further showed that Kosachuk lacked standing to bring claims against Movants and that any claims were barred by res judicata.

7. On January 13, 2025, Movants filed their *Motion for Contempt and to Enforce Settlement Agreement against Christopher Kosachuk* (Dkt. 74) (the "**Contempt Motion**").

8. Also on January 13, 2025, Movants filed their *Motion for Sanctions* (Dkt. 74) (as supplemented, the "**Sanctions Motion**", and collectively with the Contempt Motion, the "**Motions**").

9. On January 14, 2025, only after Movants had filed their Response and Motions, Kosachuk filed his *Amended Motion for Leave to Amend Adversary Complaint* (the "**Amended Motion for Leave**") (Dkt. 80), removing Movants from his request to add defendants.

10. On January 17, 2025, Movants filed their *Supplement to Motion for Sanctions* (Dkt. 82) (the "**Supplement**").

11. On February 21, 2025, the Court held a hearing on Movant's Motions.

12. On February 24, 2025, the Court entered its *Order and Notice of Briefing Deadline* (Dkt. 104) (the "**Briefing Order**") requesting additional briefing on two issues:

   a. Whether the Motion for Contempt should have been filed in the main bankruptcy case, *In re Galardi*¸ M.D. Ga. Bankr. Case No. 22-50035, and thus cannot be ruled upon as filed in the instant adversary proceeding, and

   b. Whether Movants, non-parties to this adversary proceeding, may move for sanctions under Federal Rule of Bankruptcy Procedure 9011.

Briefing Order at 2.

3

# ARGUMENT

**1. The Motion for Contempt May Be Ruled Upon in This Adversary Proceeding.**

Kosachuk argued at the hearing that the Court cannot rule on a motion for contempt in this adversary proceeding. He is incorrect. The Court has the authority to address, in this adversary proceeding, Kosachuk's contempt of this Court's order in the Main Case.

In *Loder v. Icemakers, Inc.*, the U.S. District Court for the Northern District of Alabama reviewed the decision of the Bankruptcy Court for the Northern District of Alabama on a motion for contempt. *Loder v. Icemakers, Inc.*, No. 2:18-cv-00812-LSC, 2019 U.S. Dist. LEXIS 233786 (N.D. Ala. Feb. 27, 2019). In relevant part, the debtor ("**Loder**") filed a motion for contempt against a creditor ("**Icemakers**") for violation of the bankruptcy court's discharge order *in* an adversary proceeding. *Id.* at *2-3. The adversary proceeding was initiated by Icemakers. Icemakers had issued a process of garnishment therein. *Id*. On appeal, Icemakers asserted that the Bankruptcy Court had lacked subject matter jurisdiction over the motion for contempt in the adversary proceeding because the discharge order was entered in the main bankruptcy case, not the adversary proceeding. *Id.* at 6. The District Court held that "[b]ecause 'the purpose of a court's contempt power is in part to ensure that the Judiciary has a means to vindicate its own authority,' not simply to enforce rulings in individual proceedings, a bankruptcy court has jurisdiction to enforce a discharge injunction issued by that court under a different case number." *Id.* at *7-8. The "motion for contempt and sanctions was brought before the same court that issued the discharge injunction[.]" *Id.* at *8. "Although the discharge injunction was issued in the main bankruptcy case and Loder's motion was filed in the adversary proceeding, this did not affect the Bankruptcy Court's jurisdiction over Loder's motion." *Id*.

The *Loder* court cited *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313 (11th Cir. 2015). In *McClean* the Eleventh Circuit addressed its *sue sponte* question of jurisdiction as to "whether the bankruptcy court acted within its jurisdiction by enforcing the discharge injunction arising from the McLean's previous bankruptcy case." The Eleventh Circuit "resolve[d] our concern by recognizing that the purpose of a court's contempt power is in part to 'ensure that the Judiciary has a means to vindicate its own authority,' not simply to enforce rulings in individual proceedings." *Id.*at 1319. While the *McLean* case involved two different bankruptcy cases (as opposed to a bankruptcy case and an adversary proceeding), the Eleventh Circuit's ruling is clearly applicable here. This Court has the contempt power, both inherent and under 11 U.S.C. § 105, as "a means to vindicate its own authority. *Id.* Thus, the Eleventh Circuit stated: "we hold that the court that alone possessed the power to enforce compliance with the discharge injunction here was the United States Bankruptcy Court for the Middle District of Alabama, irrespective of the case number of, or the judge who might have presided over, the prior proceeding. *Id.* (citations and punctuation omitted).

Likewise, here, this Court has the authority to rule on Movant's Contempt Motion, whether brought in the main Bankruptcy Case or this adversary proceeding. Kosachuk's filings in this adversary proceeding constituted contempt of this Court's order in the Main Case. As in *Loder* and *McLean*, this Court has the authority, both inherently and under § 105, and subject matter jurisdiction to hold Kosachuk in contempt in this adversary proceeding.

Kosachuk may argue that contempt cannot be brought as an adversary proceeding. It is important to clarify the distinction between: (a) bringing a motion for contempt *as* an adversary proceeding, and (b) bringing a motion for contempt *in* a preexisting adversary proceeding.

5

"[A]dversary proceedings generally are viewed as stand-alone lawsuits." *Dzikowski v. Boomers Sport's & Recreation Ctr., Inc. (In re Boca Arena, Inc.)*, 184 F.3d 1285, 1286 (11th Cir. 1999).

However, courts in the Eleventh Circuit have routinely allowed contempt motions to be brought as adversary proceedings, as to hold otherwise would be to prioritize form over substance. See *Henriquez v. Green Tree Servicing, LLC (In re Henriquez)*, 536 B.R. 341 (Bankr. N.D. Ga. 2015); see also *Daniels v. Howe Law Firm, P.C. (In re Daniels)*, 591 B.R. 814 (Bankr. N.D. Ga. 2018); see also *Philyaw v. Portfolio Recovery Assocs., LLC (In re Philyaw)*, No. 18-05335-LRC, 2019 Bankr. LEXIS 1289 (Bankr. N.D. Ga. Apr. 24, 2019); see also *Woody v. Cooper (In re Woody)*, Nos. 12-73474-SMS, 19-05204-SMS, 2020 Bankr. LEXIS 2433 (Bankr. N.D. Ga. Sep. 15, 2020).

Further, bringing a motion for contempt *as* an adversary proceeding is not what happened here. Movants did not file the Contempt Motion as an adversary proceeding thereby initiating a new lawsuit with a separate case number solely to prosecute the contempt. Rather, Kosachuk initiated this adversary proceeding and his contempt occurred in this adversary proceeding. As a result, Movants filed their Contempt Motion in the preexisting adversary proceeding. There is nothing to prevent Movants from seeking relief for contempt in the lawsuit in which said contempt occurred. Courts routinely issue contempt orders in adversary proceedings.

**2. The Non-Party Movants May Move for Sanctions in This Adversary Proceeding.**

Kosachuk argued at the hearing that a non-party may not move for sanctions. He is again incorrect. Courts in the Eleventh Circuit have held that certain non-parties have standing to seek sanctions. See *Drake v. U.S. Freedom Capital, LLC*, Civil Action No. 1:20-cv-03935-SDG, 2021 U.S. Dist. LEXIS 151585, at *22-23 (N.D. Ga. Aug. 12, 2021). In *Drake*, the plaintiff asserted that the movant did not have standing to seek sanctions against him because, though initially named as

a defendant, the movant was never served and thus, was not a party to the lawsuit. *Id*. at 23. The U.S. District Court for the Northern District of Georgia noted that other courts have held that "[t]hose non-parties who are brought in or are attempted to be brought into litigation involuntarily by one process or another have standing" and rejected the plaintiff's argument. *Id*. at *22-23 (citing *Hochen v. Bobst Grp., Inc.*, 198 F.R.D. 11, 15 (D. Mass. 2000)). The Court noted that "[a] finding that [the movant] possesses standing furthers the goal of Rule 11 sanctions to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" *Id.*

Likewise, in *Nyer v. Winterthur Int'l*, the First Circuit found that a non-party had standing to move for sanctions since the plaintiff sought to add him in an amended complaint. Although the non-party "was never required to refute the…allegations contained in the amended complaint", he was still "forced to prepare a possible defense[.]" *Nyer v. Winterthur Int'l*, 290 F.3d 456, 459-460 (1st Cir. 2002); see also *Hochen,* 198 F.R.D. at 15 ("[I]t is manifest that Winterthur has standing to seek Rule 11 sanctions in the instant matter. Winterthur never sought to become a party to this litigation. Rather, the plaintiffs through Mr. Nyer attempted to make Winterthur an unwilling participant in the litigation. In resisting this attempt, Winterthur had to incur costs and attorneys fees.").

Similarly, in *Greenberg v. Sala*, the Ninth Circuit held that non-parties who were named as defendants in the complaint had standing to seek sanctions against the plaintiff and standing to pursue the appeal of the denial of their request for sanctions. *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987). The Ninth Circuit Court of Appeals explained that "[i]f Rule 11 was violated, the violation was complete when the complaint was filed." Thus the fact that the non-parties were never officially brought in to the lawsuit was of no consequence. *Id*. "The filing of the complaint, nonetheless, caused the defendants to incur costs and attorney fees." *Id.* "Moreover, the filing of

7

the complaint necessarily triggered the expenditure of court resources. Frivolous complaints filed in violation of Rule 11 'sap the time of judges, forcing parties with substantial disputes to wait in a longer queue'[.]" *Id.*

Kosachuk attempted to make Movants an unwilling participant in this adversary proceeding twice. The fact that Kosachuk has now removed his request to add Movants to the adversary proceeding is of no consequence. Kosachuk's violation of Rule 9011 occurred when the Motion for Leave was filed. *Greenberg* at 885. Movants have been forced to incur expenses in preparing to respond to the Motion for Leave. As a result, Movants have standing to seek sanctions against Kosachuk for the reasons set forth in the Sanction Motion.

## SUPPLEMENTAL REQUEST FOR FEES

At the hearing, Movants requested and introduced evidence of attorney fees in the amount of $10,326.00. In responding to Kosachuk's arguments raised for the first time at the Hearing, Movants have incurred additional attorneys' fees in the amount of $3,517.50. The Liquidating Trustee's *Supplemental Declaration of Thomas T. McClendon* in Support of Fees is attached as Exhibit A. As set forth therein, the Liquidating Trustee requests the Court award total fees in the amount of $13,843.50 for Kosachuk's contempt and violation of Rule 9011.

RESPECTFULLY SUBMITTED this 13th day of March, 2025.

                    **JONES & WALDEN LLC**

                    */s/ Thomas T. McClendon*
                    Thomas T. McClendon
                    Georgia Bar No. 431452
                    699 Piedmont Avenue, NE
                    Atlanta, Georgia 30308
                    (404) 564-9300
                    tmcclendon@joneswalden.com
                    Liquidating Trustee of the Galardi Creditors Trust

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>　　Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-50035-AEC** |
| **CHRISTOPHER KOSACHUK,**<br><br>　　Plaintiff,<br><br>v.<br><br>**ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,**<br><br>　　Defendants. | Adv. Proc. No. 24-5015-AEC |

**SUPPLEMENTAL DECLARATION OF THOMAS T. MCCLENDON**

1.　My name is Thomas T. McClendon. I am an attorney licensed to practice in Georgia and before this Court. I serve as Liquidating Trustee in the case of *Teri G. Galardi*, 22-50035-AEC ("Galardi Case"). I practice at the law firm of Jones & Walden LLC ("J&W"). J&W has represented me as Liquidating Trustee in the Galardi Case and related adversary proceedings such as this one. I am over the age of 18, and I am competent to give this Declaration. I have personal knowledge of the facts described herein, and they are all true and correct.

2.　I give this Supplemental Declaration for use in support of the *Supplemental Brief in Support of Motions for Contempt and Sanctions* (the "Brief").

3.　As reflected on Exhibit 1 attached hereto, J&W has expended an additional $3,517.50 hours in preparing the Brief.

4. Thus, the total fees requested on Exhibit 1 total $13,843.50. The Liquidating Trustee requests that this Court award this amount to the Liquidating Trustee for Kosachuk's contempt.

5. I have personal knowledge of the hourly rates charged by J&W personnel. The hourly rates requested by the Motion for the attorneys and other professionals are the usual and customary rates set by the firm for each individual. Different timekeepers within the same employment category (e.g., partners, associates, paralegals, etc.) may have different rates based on a variety of factors. These factors include the individual's years of practice, years at the firm, years in the current position (e.g., years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms. I have knowledge of legal fees and rates in the Georgia market particularly with respect to attorneys and firms that concentrate their practice in the area of bankruptcy. The hourly rates of the time-keepers at J&W are at market rates or below-market rates.

6. This statement reflects the time and description for each entry by timekeeper, together with a summary by timekeeper of the hours (to the 1/10th of an hour) and fees incurred. Such statement is a business record of J&W made in the regular course of J&W's business, and it is the regular course of its business to make and maintain said records. The events noted on said records were noted at or near the time the events occurred and made by, or from information transmitted by, a person with personal knowledge and a business duty to report. Said record is kept under my direct control and supervision, and I am the custodian of such records.

7. J&W's hourly rates have been regularly approved by the Bankruptcy Court in many other cases.

8.  The time requested relates solely to Kosachuk's contempt in this adversary proceeding.

9.  I declare, pursuant to 28 U.S.C. § 1746 and the law of the United States, that the above statements are true and correct.

This 13th day of March, 2025.

*/s/ Thomas T. McClendon*
Thomas T. McClendon

**Exhibit 1**

10

# JONES & WALDEN, LLC
### Attorneys At Law

699 Piedmont Avenue, NE * Atlanta, GA 30308
404-564-9300 • www.joneswalden.com

---

Galardi Liquidating Trust
c/o Tom McClendon, Trustee
699 Piedmont Avenue NE
Atlanta, GA   30308

Page: 1
March 13, 2025
Account No:  2345.008
Invoice No:       72270

Re: Kosachuk Contempt (TM)

## Fees

| Date | Atty | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 12/05/2024 | TTM | review amended complaint and motion for leave to amend sent by Kosachuk, point by point response (1.6); t/c from Ainsworth re: Kosachuk email (.3); attend hearing in Kosachuk AP, follow up with Ainsworth (1.4). | 395.00 | 3.00 | 1,185.00 |
|  | LSJ | Email exchange review (Web X attendance) and Kosachuk Motion to Amend Complaint | 475.00 | 0.10 | 47.50 |
| 12/06/2024 | LSJ | Conference with TM re briefing | 475.00 | 0.10 | 47.50 |
| 12/11/2024 | TTM | draft response to Kosachuk motion for leave to re-sue trustee and trust (1.9); same (.3). | 395.00 | 2.20 | 869.00 |
| 12/12/2024 | TJV | Prepare default letter to Kosachuk re AP filings | 200.00 | 0.20 | 40.00 |
| 12/13/2024 | TTM | finalize response to leave to amend, motion for rule 11 sanctions letter, and default letter to Kosachuk (1.0) | 395.00 | 1.00 | 395.00 |
|  | TJV | Prepare Rule 11 letter (.2); prepare Rule 11 motion (1.1); revise Kosachuk default letter, Rule 11 letter, and response to motion for leave to amend complaint in AP (.3); finalize, file and serve response to motion for leave and finalize & issue default letter and Rule 11 letter (.5) | 200.00 | 2.10 | 420.00 |
| 12/19/2024 | TTM | Conf LSJ strategy going forward; t/c Valerie; review notice of continued hearing (.6). | 395.00 | 0.60 | 237.00 |
|  | LSJ | Conference with TM on Rule 11 sanction pending Kosachuk Motion to Amend Complaint with Trustee's contempt Motion and Rule 11 Motion as cross-actions, and strategy on same | 475.00 | 0.40 | 190.00 |
| 01/05/2025 | LSJ | Review and calendar order resting (to Jan 21) hearing on 3 matters in Kosachuk adversary | 500.00 | 0.10 | 50.00 |
| 01/13/2025 | TTM | review motion to compel, expedite, Rule 11 sanctions (.8); t/c from deputy clerk re: uploading order granting expedite, conf TV re: drafting (.2); review expedite order (.1); t/c from deputy clerk re: order (.2). | 425.00 | 1.30 | 552.50 |
|  | MDG | Rule 9011 research concerning the safe harbor time period. | 375.00 | 0.90 | 337.50 |
|  | LSJ | Review Kosachuk amended complaint and amended motion to amend complaint (deleting trustee McClendon claims and as | | | |

Page: 2

Galardi Liquidating Trust  
Re: Kosachuk Contempt (TM)

03/13/2025  
Account No: 2345.008  
Invoice No: 72270

| Date | TK | Description | Rate | Hours | Amount |
|---|---|---|---:|---:|---:|
| | | defendant) | 500.00 | 0.10 | 50.00 |
| | LSJ | Conference with TM re Kosachuk Rule 11 demand vesting and setting hearing on Kosachuk default | 500.00 | 0.10 | 50.00 |
| | TJV | Prepare Kosachuk motion to compel in AP (.4); finalize rule 11 motion and prepare motion to expedite re same and motion to compel (.3); revise/finalize and file motion to compel, motion for sanctions, and motion to expedite (.4); prepare and upload order granting expedited hearing (.2) | 250.00 | 1.30 | 325.00 |
| 01/14/2025 | TTM | t/c Ainsworth re: upcoming hearing; conf LSJ re: same (.4). | 425.00 | 0.40 | 170.00 |
| | LSJ | Conference with TM re sanctions against Kosachuk | 500.00 | 0.10 | 50.00 |
| | TJV | Prepare service of order to expedite, motion to compel, and motion for sanctions and file certificate of service re same | 250.00 | 0.50 | 125.00 |
| 01/16/2025 | TTM | Review bill for Rule 11 motion against Kosachuk (.3). | 425.00 | 0.30 | 127.50 |
| | LSJ | Review Kosachuk's filed pleading now of record (amended Motion to Amend Complaint deleting Trustee McClendon as defendant), review Kosachuk email re same | 500.00 | 0.10 | 50.00 |
| 01/17/2025 | TTM | draft supplement to Rule 11 motion (.7); prepare supplement (.2) | 425.00 | 0.90 | 382.50 |
| 02/21/2025 | TTM | Prepare for contempt, sanctions hearing, attend hearing; travel to/from same | 425.00 | 5.00 | 2,125.00 |
| | LSJ | Prepare for contempt, sanctions hearing, attend hearing; travel to/from same | 500.00 | 5.00 | 2,500.00 |
| 03/11/2025 | BLS | reviewing documents filed in Kosachuk AP in preparation for drafting brief (.5); legal research on non-party standing to pursue a motion for sanctions (.8); legal research on motions for contempt in APs (1.0) | 350.00 | 2.30 | 805.00 |
| 03/12/2025 | BLS | research standing to seek sanctions (.6); conf. w/ TM re: brief (.1); draft brief (3.6); conf. w/ TM re: brief edits (.1) | 350.00 | 4.40 | 1,540.00 |
| | TTM | review, edit supplemental brief, draft declaration for additional fees (.9). | 425.00 | 0.90 | 382.50 |
| 03/13/2025 | TTM | finish editing brief, supplemental declaration (.8). | 425.00 | 0.80 | 340.00 |
| | LSJ | Prepare supplemental brief and declaration of fees regarding Kosachuk's contempt | 500.00 | 0.80 | 400.00 |
| | DM | Edits on Supplemental brief and declaration | 250.00 | 0.20 | 50.00 |
| | | For Current Services Rendered | | 35.20 | 13,843.50 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---:|---:|---:|
| Leon S. Jones | 0.60 | $475.00 | $285.00 |
| Leon S. Jones | 6.30 | 500.00 | 3,150.00 |
| Tessa Vuncannon | 2.30 | 200.00 | 460.00 |
| Tessa Vuncannon | 1.80 | 250.00 | 450.00 |
| Tom T. McClendon | 6.80 | 395.00 | 2,686.00 |
| Tom T. McClendon | 9.60 | 425.00 | 4,080.00 |
| Daniela Manzo | 0.20 | 250.00 | 50.00 |
| Mark D. Gensburg | 0.90 | 375.00 | 337.50 |
| Bethany L. Strain | 6.70 | 350.00 | 2,345.00 |

Page: 3
Galardi Liquidating Trust 03/13/2025
Re: Kosachuk Contempt (TM)
Account No: 2345.008
Invoice No: 72270

|  | Rate | Hours |  |
|---|---|---|---|
| Total Current Work |  |  | 13,843.50 |
| Balance Due |  |  | $13,843.50 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TERI G. GALARDI,**<br><br>　　Debtor.<br><br>**CHRISTOPHER KOSACHUK,**<br><br>　　Plaintiff,<br><br>v.<br><br>**ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,**<br><br>　　Defendants. | CHAPTER 11<br><br>CASE NO.  22-50035-AEC<br><br><br><br><br><br>Adv. Proc. No. 24-5015-AEC |

## CERTIFICATE OF SERVICE

　　This is to certify that on the date indicated below, the foregoing *Supplemental Brief in Support of Motions for Contempt and Sanctions* (the "**Brief**") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Response to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Charles M Dalziel**　　chuck@dalziellawfirm.com

　　I further certify that on the date indicated below, I caused a true and correct copy of the Brief to be served upon the parties listed below via the method indicated:

*Via U.S. First Class Mail:*
Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382

11

I further certify that on March 14, 2025, I caused a true and correct copy of the Brief to be served upon the parties listed below via the method indicated:

*Via Certified Mail/Return Receipt Requested*:
Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382

This 13th day of March, 2025

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com
Liquidating Trustee of the Galardi Creditors Trust

12