UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA

In re:                                              Case No. 22-50035-JPS

Teri Galardi,                                       Chapter 11

    Debtor,
_____/

CHRISTOPHER KOSACHUK,                               Adversary Complaint
                                                    Adversary Case No.: 24-ap-5015-AEC


    Plaintiff,
v.

ASTRID E. GABBE, ESQ., THE LAW OFFICE
OF ASTRID E. GABBE, P.A., JENISEE LONG
AND ALEXIS KING

    Defendants.
_____/

## POST HEARING BRIEF

Plaintiff and Counterclaim Defendant Christopher Kosachuk ("Mr. Kosachuk"), hereby files this Post Hearing Brief as ordered by the Court on February 24, 2025 [Doc. 99] where the Court wanted the parties to address:

1.    Whether the Motion for Contempt should have been filed in the main bankruptcy case, *In re Galardi*, M.D. Ga. Bankr. Case No. 22-50035, and thus cannot be ruled upon as filed in the instant adversary proceeding, and

2.    Whether Movants, non-parties to this adversary proceeding, may move for sanctions under Federal Rul of Bankruptcy Procedure 9011.

## CONTEMPT PROCEEDINGS

Contempt proceedings in bankruptcy are governed by Rules 9014 and 9020. Rule 9014(b) reads: "Service. The motion shall be served in the manner provided for service of a summons and

complaint by Rule 7004 and within the time determined under Rule 9006(d)." Rule 7004 does not authorize service via email and does not authorize service by the party filing the motion. Personal service under Rule 4(e)–(j) F.R.Civ.P. may be made by any person at least 18 years of age **who is not a party**, and the summons may be delivered by the clerk to any such person. Mr. McClendon served his own motion and filed a certificate of service confirming same. [*See* Doc. 78]. Thus, the Motion fails as a matter of law because it was not properly served.

"As with any question of statutory interpretation, we begin by examining the text of the statute to determine whether its meaning is clear." *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002) (en banc). The statute is clear that Mr. McClendon can't serve his own contempt motion just the same way he can't serve his own adversary complaint.

The Motion also fails because it seeks contempt of an order in the main case not in this adversary proceeding. The Order from which Mr. McClendon alleges contempt occurred is in the main case [Doc. 683] not in this adversary as such the Motion had to be filed in the main case and properly served in accordance with FRCP 4. Neither of which have occurred.

Finally, as a non-party to this adversary Mr. McClendon has no standing. The 11th Circuit recently opined on the ho-hum issue of bankruptcy standing in the case of *Breland v. the United States* 989 F.3d 919 *; 2021 U.S. App. LEXIS 6970. Existing standing doctrine requires a plaintiff to demonstrate (1) an actual (or imminent), concrete, and particularized injury-in-fact (2) that is fairly traceable to the defendant's challenged action and (3) that is likely redressable by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). Mr. McClendon fails all three tests.

### FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

Federal Rule of Bankruptcy Procedure 9011 is the equivalent of Federal Rule of Civil Procedure 11. Therefore, case law interpreting Rule 11 may be use to interpret Bankruptcy Rule

9011." *In re Cummings*, 381 B.R. 810, 836 (S.D. Fla. 2007) (citing *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1572 (11th Cir. 1995)); *In re Kirk-Murphy Holding, Inc.*, 313 B.R. 918, 921 (Bankr. N.D. Fla. 2004) ("the Eleventh Circuit has made it clear that courts should look to case law that interprets the standards under Rule 11 when applying and analyzing Bankruptcy Rule 9011"

Rule 11(a) Signature reads: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a **party** personally if the **party** is unrepresented."

If the legislative intent was to allow a non-party to file a Rule 11 motion, the language of the statute would include non-parties in its plain language which it does not.

As defined above, Mr. McClendon has no standing in the adversary proceeding and thus can't file a Rule 9011 motion either.

"[T]he 'safe harbor' provisions of Rule 11(c)(1)(A) preclude the serving and filing of any Rule 11 motion after conclusion of the case." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002). This adversary never started with respect to Mr. McClendon as he was never served the complaint and thus was never a party.

A party "g[ave] up the opportunity to receive an award of Rule 11 sanctions . . . by waiting to file the motion until after the entry of summary judgment". *Ridder*, 109 F.3d at 297.

The statute and caselaw clearly apply Rule 11 to parties only.

Dated:  March 11, 2025                                              Respectfully submitted,

                                                                    _____
                                                                    Christopher Kosachuk
                                                                    *Pro Se Plaintiff*
                                                                    854 Pheasant Run Rd.

West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March 2025 a true and correct copy of foregoing was mailed to the Clerk of Court who will electronically filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record and served on non-record parties by the undersigned.

Dated: March 11, 2025

Respectfully submitted,

Christopher Kosachuk
*Pro Se Plaintiff*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

### Via CM/ECF/EMAIL/FIRST-CLASS MAIL

All parties of record

Jenisee Long
2107 Center St.
Covington, KY 41014

Alexis King
3328 Fall Branch Lane
Buford, GA 30519

**FedEx Envelope — Recycle me.**

ORIGIN ID:BIGA (305) 490-5700
W CHRISTOPHER KOSACHUK
854 PHEASANT RUN
WEST CHESTER, PA 19382
UNITED STATES US

SHIP DATE: 11MAR25
ACTWGT: 0.15 LB
CAD: 6994650/SSFE2600

BILL CREDIT CARD

TO ATTN CLERK OF COURT
UNITED BANKRUPTCY COURT
433 CHERRY STREET

MACON GA 31201
(305) 490-5700
REF:
DEPT:

THU - 13 MAR 5:00P
** 2DAY **

MCNA 31201
GA-US ATL

TRK# 2863 3113 5234
0201

SP MACOG

FedEx Express

Part # 156297-435 RRDOE EXP 11/25