**SO ORDERED.**

**SIGNED this 28 day of May, 2025.**




**Austin E. Carter**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| Debtor. | ) | Chapter 11 |
| Christopher Kosachuk, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 24-5015-AEC |
| Astrid E. Gabbe, Esq., The Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King, | ) | |
| Defendants. | ) | |

**ORDER AND NOTICE OF HEARING FOR CHARLES M. DALZIEL, JR. TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT AND/OR SANCTIONED FOR HIS FAILURE TO APPEAR IN RESPONSE TO PRIOR ORDER AND FOR VIOLATIONS OF THE GEORGIA RULES OF PROFESSIONAL CONDUCT**

This matter is before the Court *sua sponte*. Charles M. Dalziel, Jr. entered an appearance in this adversary proceeding for Defendants Astrid E. Gabbe and The

Law Office of Astrid E. Gabbe, P.A. (collectively, "Gabbe") on August 26, 2024 (Doc. 30). Dalziel has filed on behalf of Gabbe an Answer and Counterclaim (Doc. 35), Answer to the Amended Complaint (Doc. 57), and a response to a Motion to Dismiss Gabbe's Counterclaim (Doc. 58). Dalziel remains counsel of record for Gabbe in this adversary proceeding and has not moved to withdraw.

However, Dalziel failed to appear at hearings in this adversary proceeding on December 5, 2024 and February 21, 2025, each of which was scheduled for consideration of motions concerning Gabbe: (i) *Plaintiff and Counterclaim Defendant Christopher Kosachuk's Motion to Dismiss Counterclaim* (Doc. 49), and (ii) *Response of Defendants Astrid E. Gabbe and the Law Office of Astrid E. Gabbe, P.A., to Motion to Dismiss Counterclaim Defendant (Dkt. 49)* (Doc. 58).[1] As a result, the Court on April 10, 2025 issued an *Order for Charles M. Dalziel, Jr. to Appear and Show Cause* (the "Show Cause Order") (Doc. 125), which set a show cause hearing (the "First Show Cause Hearing") for May 22, 2025 for Dalziel to appear and show cause for his failure to represent his clients at these hearings. Dalziel failed to appear at the First Show Cause Hearing and did not request any continuance or submit any excuse for his failure to appear.

"Federal courts, including bankruptcy courts, have the inherent power to impose sanctions on parties and lawyers." *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257, 1263 (11th Cir. 2009) (quoting *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1309 (11th Cir. 2008)); *see also Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1574–76 (11th Cir. 1995). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Evergreen Sec. Ltd.*, 570 F.3d at 1263

[1] In addition to missing these hearings, Plaintiff in this action has alleged that Gabbe has ignored his requests to take her deposition. (*See* Docs. 97, 116). Dalziel has failed to respond to these allegations.

(quoting *Bank of New York v. Sunshine-Jr. Stores, Inc. (In re Sunshine Jr. Stores, Inc.)*, 456 F.3d 1291, 1304 (11th Cir. 2006)). Among other things, "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "Bankruptcy Courts also have authority under § 105(a) 'to regulate those who appear before it, and what they say and do during that representation.'" *In re New River Dry Dock, Inc.*, No. 06–13274–BKC–JKO, 2011 WL 4382023, at *2 (Bankr. S.D. Fla. Sept. 20, 2011), aff'd sub nom. *In re Gleason*, No. 11–62406–CIV, 2012 WL 463924 (S.D. Fla. Feb. 13, 2012), aff'd, 492 F. App'x 86 (11th Cir. 2012). "The Court has inherent and statutory authority to control admission to its bar and to discipline attorneys practicing before the Court" independent of the Georgia State Bar's authority and disciplinary proceedings to sanction its members for misconduct. *Id.* at *3.

"A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process. . . ." *Chambers*, 501 U.S. at 50. "Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why." *In re Mroz*, 65 F.3d at 1575 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1559–60 (11th Cir. 1987)). "A show cause order affords due process if the order delineates the conduct at issue in a manner sufficient to provide the attorney an opportunity to prepare a defense and affords the attorney a hearing at which he can present evidence in support of such defense." *In re Reeves*, 372 B.R. 525, 528 (Bankr. N.D. Ga. 2007).

Dalziel's failure to appear before the Court at the First Show Cause Hearing may be a basis for holding him in contempt pursuant to 11 U.S.C. § 105(a) and invoking this Court's inherent authority to enter necessary or appropriate orders to sanction misconduct by attorneys who appear before it. Dalziel's conduct may also

violate the Georgia Rules of Professional Conduct,[2] including Rule 1.3 Diligence[3] and Rule 1.16 Declining or Terminating Representation.[4] If the Court finds Dalziel in contempt or determines he has violated the Georgia Rules of Professional Conduct, it may impose sanctions on him that may include, but are not limited to: disgorgement of fees; award of compensation to Gabbe for costs incurred in connection with this adversary proceeding; a requirement to attend Continuing Legal Education classes; barring or limiting Dalziel's representation of parties in any matters pending before this Court for a period of time or until certain goals have been achieved; reprimand; and/or referral to the State Bar of Georgia and to the Grievance Committee of the United States District Court for the Middle District of Georgia.

Accordingly, **IT IS ORDERED** that Charles M. Dalziel, Jr. shall appear in person before this Court at **3:30 p.m. on June 24, 2025**, in Courtroom B, United States Bankruptcy Court, 433 Cherry Street, Macon, Georgia, at which time the Court will determine whether Dalziel is in contempt for failure to appear at the First Show Cause Hearing and whether he has failed to comply with the Georgia Rules of Professional Conduct. Dalziel may present witnesses and evidence at the hearing. If the Court determines Dalziel is in contempt or has failed to comply with the Georgia Rules of Professional Conduct, it will consider imposing any of the

---

[2] Under this Court's Local Bankruptcy Rule 9010-3, Local Rule 83.2.1 of the District Court for this District "is applicable to and governs all actions and proceedings in the Bankruptcy Court." M.D. Ga. LBR 9010-3. District Court Local Rule 83.2.1. provides that the attorneys practicing before this Court are governed by the Georgia Rules of Professional Conduct. M.D. Local Rule 83.2.1.

[3] Georgia Rule of Professional Conduct 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[4] Georgia Rule of Professional Conduct 1.16(a)(2) provides in relevant part: ". . . a lawyer shall not represent a client or, where representation has commended, shall withdraw from the representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client . . . ." It has been reported to the Court by two parties in this proceeding, including his client Gabbe, that Dalziel has represented that he is unfit to represent Gabbe.

monetary and non-monetary sanctions discussed above or any other appropriate sanction. If Dalziel fails to appear before the Court as ordered herein, the Court may consider any allegations discussed above or in any pleadings or papers before the Court in this adversary proceeding to be uncontested and admitted by Dalziel.

[END OF DOCUMENT]