**SO ORDERED.**

**SIGNED this 15 day of August, 2025.**



_____
**Austin E. Carter
Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| Debtor. | ) | Chapter 11 |
| Christopher Kosachuk, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 24-5015-AEC |
| Astrid E. Gabbe, Esq., The Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King, | ) | |
| Defendants. | ) | |

**AMENDED* ORDER REGARDING COURT'S INTENT TO
TAKE JUDICIAL NOTICE OF INFORMATION
AVAILABLE ON THE FLORIDA BAR WEBSITE**

The Court has determined that The Florida Bar website is reporting that a

Defendant in this adversary proceeding, Astrid E. Gabbe, is deceased. This

---

* The Court amends its original order (Doc. 143) to include the start time of the hearing on September 23, if one is needed.

information is located at: https://www.floridabar.org/directories/find-mbr/profile/?num=635383 (last accessed August 14, 2025).

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are not subject to reasonable dispute, including facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. A court may take judicial notice on its own and at any stage of the proceeding. A party has the right to be heard on the propriety of taking judicial notice and the nature of the fact(s) to be noticed. "If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e). Accordingly, the Court hereby indicates its intent to take judicial notice of the information available on The Florida Bar website.

The Court believes that the information maintained by The Florida Bar on its website falls within the type of information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Glass v. City of Glencoe,* No. 4:17-CV-0026-JEO*,* 2017 U.S. Dist. LEXIS 60281, at *26, n. 14 (N.D. Ala. Apr. 20, 2017) (taking judicial notice of attorney information based on Alabama State Bar website); *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-3129-CAP, 2022 U.S. Dist. LEXIS 231275, at *21-22 (N.D. Ga. Dec. 15, 2022) (taking judicial notice of attorney information based on Georgia State Bar website); *see also Gordon v. Henry Cnty. Sch. Bd. of Educ.*, No. 1:22-CV-1517-CAP-CCB, 2023 U.S. Dist. LEXIS 228528, at *10 (N.D. Ga. Dec. 22, 2023) (using Georgia State Bar website to confirm counsel information).

Should a party in this adversary proceeding wish to challenge the propriety of the Court taking judicial notice of any of the website information described above, the party must make a request in writing by **September 5, 2025**. If (and only if) a timely written request is filed, the Court will hear further argument on **September 23, 2025 at 10:00 a.m.** in the United States Bankruptcy Court, Courtroom B, 433

Cherry Street, Macon, Georgia. Otherwise, the Court expects that the parties will move as is appropriate under Federal Rule of Civil Procedure 25(a), incorporated into this adversary proceeding via Federal Rule of Bankruptcy Procedure 7025.

[END OF DOCUMENT]