IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE:<br><br>TERI G. GALARDI,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 22-50035-AEC |
| CHRISTOPHER KOSACHUK,<br><br>Plaintiff,<br><br>v.<br><br>ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,<br><br>Defendants. | Adv. Proc. No. 24-5015-AEC |

### SECOND SUPPLEMENTAL AFFIDAVIT OF THOMAS T. MCCLENDON

1. My name is Thomas T. McClendon. I am an attorney licensed to practice in Georgia and before this Court. I serve as Liquidating Trustee ("**Liquidating Trustee**" and collectively with the Galardi Creditor Trust, "**Movants**") in the case of *Teri G. Galardi*, 22-50035-AEC ("**Galardi Case**"). I practice at the law firm of Jones & Walden LLC ("**J&W**"). J&W has represented me as Liquidating Trustee in the Galardi Case and related adversary proceedings such as this one. I am over the age of 18, and I am competent to give this Affidavit. I have personal knowledge of the facts described herein, and they are all true and correct.

2. I give this Second Supplemental Affidavit regarding my fees incurred in replying to Christopher Kosachuk's response in opposition (Dkt. 151).

3. On January 13, 2025, Movants filed their *Motion for Contempt and to Enforce Settlement Agreement against Christopher Kosachuk* (Dkt. 74) ("**Contempt Motion**").

4. On August 8, 2025, this Court granted the Contempt Motion and held Christopher Kosachuk in contempt of Court for violation of certain orders, as detailed at Docket 139 in this adversary proceeding (the "**Contempt Order**").

5. On August 21, 2025, Movants filed the *Supplemental Affidavit of Thomas T. McClendon* requesting $12,311.98 in fees and expenses incurred due to Kosachuk's contempt.

6. Kosachuk responded in opposition to the requested fees on September 5, 2025 (Dkt. 151).

7. Movants filed a reply (Dkt. 152) on September 8, 2025. However, Movants believed that this matter would be heard on September 23, 2025. Thus, the Reply reserved the right to proffer at that hearing additional fees incurred in drafting the reply and attending the hearing. Movants now understand that there will be no hearing on this matter.

8. Accordingly, Movants file this Second Supplemental Declaration to reflect time incurred in drafting the Reply. This Second Supplemental Declaration is timely filed pursuant to this Court's Contempt Order.

9. As reflected on Exhibit 1 attached hereto, J&W has expended additional time constituting legal fees in the amount of $850.00 in replying to Kosachuk's response.

10. Thus, the total fees requested are $13,161.98. The Liquidating Trustee requests that this Court award this amount to the Liquidating Trustee as attorney fees and expenses based upon Kosachuk's contempt.

11. I have personal knowledge of the hourly rates charged by J&W personnel. The hourly rates requested by the Motion for the attorneys and other professionals are the usual and customary rates set by the firm for each individual. Different timekeepers within the same employment category (e.g., partners, associates, paralegals, etc.) may have different rates based

on a variety of factors. These factors include the individual's years of practice, years at the firm, years in the current position (e.g., years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at our firm and other firms. I have knowledge of legal fees and rates in the Georgia market particularly with respect to attorneys and firms that concentrate their practice in the area of bankruptcy. The hourly rates of the time-keepers at J&W are at market rates or below-market rates.

12. This statement reflects the time and description for each entry by timekeeper, together with a summary by timekeeper of the hours (to the 1/10th of an hour) and fees incurred. Such statement is a business record of J&W made in the regular course of J&W's business, and it is the regular course of its business to make and maintain said records. The events noted on said records were noted at or near the time the events occurred and made by, or from information transmitted by, a person with personal knowledge and a business duty to report. Said record is kept under my direct control and supervision, and I am the custodian of such records.

13. J&W's hourly rates have been regularly approved by the Bankruptcy Court in many other cases.

14. The time requested relates solely to Kosachuk's contempt in this bankruptcy case and adversary proceeding.

15. I declare, pursuant to 28 U.S.C. § 1746 and the law of the United States, that the above statements are true and correct.

[Signatures Follow]

Further I state not.

Sept. 12, 2025
Date

_____
Thomas T. McClendon

Sworn to and subscribed before me
This 12th day of September, 2025.

_____
NOTARY PUBLIC, State of Georgia



# Exhibit 1

# JONES & WALDEN, LLC
### Attorneys At Law

699 Piedmont Avenue, NE * Atlanta, GA 30308
404-564-9300 • www.joneswalden.com

---

Galardi Liquidating Trust
c/o Tom McClendon, Trustee
699 Piedmont Avenue NE
Atlanta, GA   30308

Page:  1
September 12, 2025
Account No:  2345.008
Invoice No:     74296

Re: Kosachuk Contempt (TM)

**Fees**

| Date | TK | Description | Rate | Hours | Amount |
|---|---|---|---:|---:|---:|
| 09/08/2025 | TTM | Drafting reply to Kosachuk response on contempt (2.0) | 425.00 | 2.00 | 850.00 |
| | | For Current Services Rendered | | 2.00 | 850.00 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---:|---:|---:|
| Tom T. McClendon | 2.00 | $425.00 | $850.00 |

Total Current Work                                                                                                  850.00

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **TERI G. GALARDI,** <br><br> Debtor. <br><br> **CHRISTOPHER KOSACHUK,** <br><br> Plaintiff, <br><br> v. <br><br> **ASTRID E. GABBE, ESQ., AND THE LAW OFFICE OF ASTRID E. GABBE, P.A., JENISEE LONG AND ALEXIS KING,** <br><br> Defendants. | **CHAPTER 11** <br><br> **CASE NO. 22-50035-AEC** <br><br><br><br><br> Adv. Proc. No. 24-05015-AEC |

**CERTIFICATE OF SERVICE**

This is to certify that on the date indicated below, the foregoing *Second Supplemental Affidavit of Thomas T. McClendon* (the "Affidavit") was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sent notices of and accompanying links to the Affidavit to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Charles M Dalziel**   chuck@dalziellawfirm.com

I further certify that on the date indicated below, I caused a true and correct copy of the Affidavit to be served upon the parties listed below via U.S. First Class Mail, postage prepaid, and via email:

Christopher Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382
chriskosachuk@gmail.com

This 12th day of September, 2025.

          **JONES & WALDEN LLC**

          */s/ Thomas T. McClendon*
          Thomas T. McClendon
          Georgia Bar No. 431452
          699 Piedmont Ave, NE
          Atlanta, GA 30308
          (404) 564-9300
          TMcClendon@joneswalden.com
          Liquidating Trustee of the
          Galardi Creditors Trust