**SO ORDERED.**

**SIGNED this 19 day of September, 2025.**



_____
**Austin E. Carter**
**Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Teri G. Galardi, | ) | Case No. 22-50035-AEC |
| Debtor. | ) | Chapter 11 |
| Christopher Kosachuk, | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. No. 24-5015-AEC |
| Astrid E. Gabbe, Esq., The Law Office of Astrid E. Gabbe, P.A., Jenisee Long, and Alexis King, | ) | |
| Defendants. | ) | |

**ORDER AWARDING COMPENSATORY
SANCTIONS FOR FINDING OF CONTEMPT
<u>AGAINST CHRISTOPHER KOSACHUK</u>**

On August 8, 2025, the Court entered an *Order Holding Christopher Kosachuk in Contempt* (the "Contempt Order"). Doc. 139.[1] The Contempt Order, granting the *Motion for Contempt and to Enforce Settlement Agreement Against Christopher Kosachuk* (the "Contempt Motion") (Doc. 74) of the Thomas T.

---

[1] The provisions of the Contempt Order are incorporated herein in their entirety.

McClendon, Liquidating Trustee (the "Liquidating Trustee") and the Galardi Creditors Trust (together with the Liquidating Trustee, "the Movants"), among other things, awards compensatory sanctions to the Movants.

In accordance with the Contempt Order, the Movants timely filed a *Supplemental Affidavit of Thomas T. McClendon* (the "Supplemental Affidavit"), in which he set forth and requested $12,311.98 in attorneys' fees and expenses incurred by the Liquidating Trustee in his administration of the Galardi Creditors Trust. Doc. 148. Kosachuk was given the opportunity to respond in opposition to the requested charges, which he did on September 5, 2025 (the "Objection").[2] Doc. 151. Movants then filed a reply ("Reply") and a *Second Supplemental Affidavit* (the "Second Affidavit"). Docs. 152, 154.

Exhibit 1 attached to the Supplemental Affidavit shows a total attorneys' fees and expenses of $12,311.98. The Liquidating Trustee explains that that attorneys' fees originally set forth included some hours which related equally to the Contempt Motion and a separate motion for Rule 9011 sanctions, which was denied. Those hours have now been split proportionately between the two motions. The resulting figure, according to the Liquidating Trustee, is $12,043.48. However, the Liquidating Trustee in the Second Affidavit requests an additional $850.00 in attorneys' fees incurred in drafting the Reply. The total requested by the Liquidating Trustee in the Second Affidavit is $13,161.98.[3]

Kosachuk begins his Objection with allegations concerning previous distributions and other actions made by the Liquidating Trustee. These allegations

---

[2] Kosachuk's Objection is late. The Contempt Order gave him a deadline of 14 days after the Liquidating Trustee filed his *Supplemental Affidavit*, but Kosachuk filed the Objection on the 15th day. The Court assesses the merits of the Objection despite its tardiness.

[3] The $13,161.98 requested in the Second Affidavit reflects $12,311.98 from the Supplemental Affidavit, plus the additional $850.00; however, this calculation fails to include the reduction in fees explained in the Supplement Affidavit based on time spent equally on the Contempt Motion and the denied motion for sanctions.

are wholly irrelevant to the issue at hand—how much in compensatory sanctions to award on account of the Court's Contempt Order. Aside from being wholly irrelevant, the allegations are unsupported and, to the extent Kosachuk could base any claim against the Liquidating Trustee on them (highly unlikely), Kosachuk released any such claim in the November 22, 2023 Settlement Agreement, approved by Consent Order entered by the Court on December 19, 2023. Case No. 22-50035, Docs. 661, 683.[4]

Because the Court has already determined that a sanctions award is appropriate, the only issue remaining as to the Contempt Order is the determination of the amount of compensatory damages that is appropriate and reasonable.[5]

The first argument Kosachuk raises in his Objection as to the requested fees is his accusation that the Liquidating Trustee's attorneys are attempting to "double dip" and be paid twice for the same fees—once by Kosachuk and once by the Galardi Creditors Trust. Kosachuk's argument is uncompelling. Of course the Liquidating Trustee's attorneys are not entitled, nor are they attempting, to be paid twice for the same fees. The Court (which must approve attorneys' fees)[6] expects the Liquidating Trustee and his attorneys to account for all payments made from any source, as they have in the past.

---

[4] Included among Kosachuk's irrelevant allegations is his assertion that the Liquidating Trustee is "unfit" to serve. Kosachuk has previously made such a claim and dismissed it with prejudice. *See* Adv. No. 23-5024, Docs. 1, 10. The Court will not again entertain a request by Kosachuk for removal of McClendon as the Liquidating Trustee.

[5] The Liquidating Trustee, citing the Contempt Order at footnote 20, argues in the Reply that the appropriate time to object to reasonableness of requested fees would have been at the February 21, 2025 hearing. The Court agrees. However, despite Kosachuk's failure to timely object, the Court addresses Kosachuk's arguments and finds them unpersuasive.

[6] The Liquidating Trustee moved to amend the final distribution order to include attorneys' fees to be addressed later in a separate supplement. Case no. 22-50035, Docs. 1063, 1076. This motion is still pending.

Second, Kosachuk objects to the hourly rates used in the Supplemental Affidavit, arguing that the rates are excessive compared to prevailing rates. The rates for the attorneys' fees in the Supplemental Affidavit range from $250 per hour to $500 per hour. Kosachuk makes the conclusory assertion that the prevailing rate in this Court is $200 per hour, but offers no evidence to support that contention. In the Court's experience, the hourly rates billed by the Liquidating Trustee's attorneys are reasonable and appropriate for cases in this District.

Kosachuk then argues that the Liquidating Trustee does not apply the required "lodestar" method for calculating the fees, and that they are therefore not reasonable. The Liquidating Trustee, in his Reply, argues the lodestar method is not required for calculation of attorneys' fees. The Court agrees. This Court may require attorneys to use the lodestar method for calculation of attorneys' fees, but it has not ordered so here.[7] Regardless, under any appropriate method of analysis, the reasonableness of the requested fees passes muster.[8]

The Court has carefully reviewed the fee invoices provided with the Supplemental Affidavit and Second Affidavit, as well as Kosachuk's Objection. The

---

[7] Courts are not required to use the lodestar method in assessment of attorneys' fees in this setting. *Jet Blast, Inc. v. Blue Lake Serv., LLC*, 348 F.R.D. 714, 718 (N.D. Fla. 2025), reconsideration denied, No. 3:24CV469-MCR-HTC, 2025 WL 1984271 (N.D. Fla. Apr. 15, 2025), objections overruled, No. 3:24-CV-469-MCR-HTC, 2025 WL 1942589 (N.D. Fla. July 14, 2025) ("Although the Court may, it is not required to apply the lodestar method in the context of awarding fees as a sanction….Thus, the Court finds it unnecessary to engage in a lodestar analysis."); *Nat'l Union Fire Ins. Co. v. Olympia Holding Corp.*, 140 F. App'x 860, 864 n.1 (11th Cir. 2005) ("Appellants seek to import the lodestar method of calculating attorneys' fees into a district court's calculation of sanctions, but we see no reason to do so. Sanctions for civil contempt are not equivalent with typical payment of attorneys' fees, and civil contempt sanctions do not require the use of the lodestar method.")

[8] Although its invocation is not required, the Court recognizes a strong presumption that the lodestar method of calculation yields a reasonable sum of attorneys' fees. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-566 (1986)). "The lodestar method achieves an objective estimate of the value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate." *Gen. Plastics Corp.*, 184 B.R. at 1014. In essence, "the resulting product is presumed to be a reasonable fee." *Id.*

4

Court finds that the hourly rates charged are reasonable and appropriate.[9] The Court further finds that the specific line items are reasonable and offer adequate description. Each line item is directly linked to the actions in this adversary proceeding relevant to the contempt. The Court finds the requested fees and expenses reasonable and appropriate. Accordingly, Kosachuk bears full responsibility for the attorneys' fees associated with the Contempt Motion.

Having made this assessment, the Court considers it appropriate to order the payment of Movants' attorneys' fees as compensatory sanctions. The Court therefore holds that sanction damages in the aggregate sum of $12,893.48[10] are imposed on Kosachuk and awarded to the Liquidating Trustee.

Accordingly, IT IS ORDERED that, for the reasons stated in the Contempt Order, sanctions are hereby imposed against Kosachuk in the amount of $12,893.48, representing the reasonable attorneys' fees and expenses that have been incurred by the Liquidating Trustee in connection with Kosachuk's conduct outlined in the Contempt Order. In accordance with Federal Rule of Civil Procedure 58, incorporated into this proceeding under Federal Rule of Bankruptcy Procedure 7058, the Court will issue a separate judgment.

[END OF DOCUMENT]

---

[9] In addition, these or similar hourly rates have been approved in this case on multiple occasions in the order approving the employment of Jones & Walden for the Committee of Unsecured Creditors and orders approving subsequent fee applications for the firm's work on behalf of the Committee and, later, on behalf of the Liquidating Trustee. *See* Case No. 22-50035, Docs. 100, 103, 209, 250, 419, 439, 761, 781, 843, 901.

[10] This amount reflects the Supplemental Affidavit's record of $12,043.48 in fees and expenses, plus the Second Affidavit's record of $850.00 in fees.

5